43935. WHITE v. AUGUSTA MOTEL HOTEL INVESTMENT COMPANY.

WHITMAN, Judge. 1. Where, as here, in its responsive pleading to the plaintiff's complaint, the defendant sets forth two defenses, to wit: (1) That the complaint fails to state a claim upon which relief can be granted, and (2) its answers to the complaint's allegations; and thereafter moves for a judgment on the pleadings, the latter motion, if nothing extraneous to the pleadings is presented or considered by the trial court, is equivalent to a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. See *Code Ann.* § 81A-112 (b), (c) and (h) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106).

Such motion came on regularly for hearing and was sustained. Plaintiff appeals from the order entered thereon and enumerates the same as error.

2. The propriety of the trial court's determination requires application of the "notice pleading" requirements of the new Civil Practice Act to the allegations of the plaintiff's complaint.

" 'A petition should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *American Southern Ins. Co. v. Kirkland,* 118 Ga. App. 170 [162 SE2d 862]; Conley v. Gibson, 355 U. S. 41, 45 (78 SC 99, 2 LE2d 80). See also *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260); *Seaboard A. L. R. Co. v. Hawkins,* 117 Ga. App. 797 (3) (161 SE2d 886)." *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (2) (163 SE2d 327).

"All that is required in pleading under the Georgia Civil Practice Act, which is patterned after the Federal Rules of Civil Procedure, is that the complaint set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief.' *Code Ann.* § 81A-108 (a) (Ga. L. 1966, pp. 609, 619, as amended.) This requirement is generally regarded by the majority of courts operating under such rules as satisfied by a short and plain statement of the claim that will give the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests. 2A Moore's Federal Practice 2d, Par. 8.13, p. 1696." *Martin v. Martin,* 118 Ga. App. 192 (2) (163 SE2d 254).

"If, *within the framework of the complaint,* evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." (Emphasis supplied.) 2A Moore's Federal Practice 2d, Par. 8.13, p. 1706, and citations.

The plaintiff's complaint alleges in substance that she was a guest in defendant's hotel; that she had been in the hotel lounge and had gone from there to the elevator with the intention of returning to her room; that when the elevator doors opened, she started to enter; that "the next thing she knew, she was on the floor in front of said elevator and had been injured . . . and that plaintiff does not know how she was injured"; and that defendant maintained the elevator which caused her injuries. The remainder of the complaint relates to injury and damage particulars.

The sample forms for "negligence complaints" contained in the Civil Practice Act (see *Code Ann.* §§ 81A-309, 81A-310 and

81A-314), while being very brief and simple, all contain at least a *general allegation of negligence*. The complaint does not allege negligence against the defendant, even in general terms. What the complaint states, in effect, is that plaintiff was about to board an elevator maintained by the defendant when she suddenly found herself on the floor in front of the door with certain injuries, but that she does not know how she was injured.

Thus, there being no allegation of negligence against the defendant and injury alone being insufficient, the trial judge did not err in dismissing the complaint. *Darlington Corp. v. Finch*, 113 Ga. App. 825, 827 (149 SE2d 861). Cf. *Scott v. Gulf Oil Corp.*, 116 Ga. App. 391 (157 SE2d 526).

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED SEPTEMBER 4, 1968—DECIDED MARCH 11, 1969.

*Albert G. Ingram, McDonald C. Haynie,* for appellant.
*Fulcher, Fulcher, Hagler, Harper & Reed, Gould B. Hagler, N. William Pettys, Jr.,* for appellee.