44422. MATTHEWS v. WILSON et al.

ARGUED APRIL 9, 1969—DECIDED MAY 16, 1969.

*Neely, Freeman & Hawkins, John V. Skinner, Jr., Mitchell & Mitchell, Warren N. Coppedge, Jr., Ellard & Frankum, Stephen D. Frankum,* for appellant.

EBERHARDT, Judge. Matthews' motion for summary judgment on the counterclaim should have been granted. The only matter in the record indicating any negligence on his part is Wilson's

statement in the interrogatories as to the specifications of negligence he relied upon. These, of course, are conclusions and not statements of facts. "In considering depositions and affidavits in support of or in opposition to motions for summary judgments the facts contained therein, and not the conclusions stated, determine whether a genuine issue of fact exists." *Varnadoe v. State Farm Mut. Auto. Ins. Co.*, 112 Ga. App. 366 (1) (145 SE2d 104).

As to affidavits, CPA § 56 (e) (*Code Ann.* § 81A-156 (e)) specifically provides that they shall "set forth such facts as would be admissible in the evidence." The same rule applies to depositions, interrogatories, and other evidence submitted on motion for summary judgment under the principle that admissibility of evidence on motion for summary judgment is governed by the rules relating to form and admissibility of evidence generally, so that evidence inadmissible on a hearing of the case would be inadmissible on motion for summary judgment. Roucher v. Traders & General Ins. Co., 235 F2d 423 (CA 5); 608 Hamilton St. Corp. v. Columbia Pictures Corp., 244 FSupp. 193 (E.D. Pa.); Standard Rolling Mills v. Nat. Mineral Co., 2 FRD 236 (E.D. N.Y.); Morrissey v. Procter & Gamble Co., 379 F2d 675, 677, note 2 (CA 1); Chan Wing Cheung v. Hamilton, 298 F2d 459 (CA 1); Youngblood v. Board of Public Instruction, 230 FSupp. 74 (N.D. Fla.); Taylor v. Rederi A/S Volo, 249 FSupp. 326 (E.D. Pa.), reversed on other grounds 374 F2d 545.

Since the specifications would be objectionable as evidence of negligence at the trial and, even if admitted into evidence, would be conclusions without probative value (see, e.g., *Patterson v. Cotton States Mut. Ins. Co.*, 221 Ga. 878, 882 (148 SE2d 320)), they cannot be considered as *evidence* of negligence on motion for summary judgment.

It was error to deny the motion. *Scott v. Gulf Oil Corp.*, 116 Ga. App. 391 (3) (157 SE2d 526); *White v. Augusta Motel Hotel Inv. Co.*, 119 Ga. App. 351 (167 SE2d 161).

*Judgment reversed. Bell, P. J., and Deen, J., concur.*