## 45361. DEACON v. DEACON.

Bell, Chief Judge. Plaintiff brought this suit seeking money damages against a resident of Pennsylvania. The trial court sustained defendant's motion to dismiss as no facts were alleged in the complaint as amended which would authorize jurisdiction and service of process over a nonresident under *Code Ann.* § 24-113.1 (b) (Ga. L. 1966, pp. 343, 344), the "long arm statute." Plaintiff attempted to justify jurisdiction and valid service of the process upon the nonresident on the theory that the defendant had committed a tort in Georgia within the purview of Section 1 (b) of the statute. The plaintiff alleged that defendant on July 9, 1969, in Atlanta violated the child custody provisions of a separation agreement executed between the parties by removing the children from plantiff's custody in Georgia with the intention of permanently depriving plaintiff of their custody; keeping the children in Pennsylvania; and failing to return the children to plaintiff. The agreement which is attached to the complaint grants defendant the custody of the children for two weeks during school summer vacation, or for a longer period if requested by the children.

The allegations do not by the most liberal construction show that defendant committed a tortious act within this State. The date of removal alleged is July 9, 1969. Therefore, it can only be concluded from the pleaded facts that the defendant acquired custody of the children in the summer of 1969 in Atlanta pursuant to the separation agreement and not in violation of any private legal right of plaintiff. See *Code* § 105-101. The most that can be said is that defendant may have breached his duty, imposed by the separation agreement, to return the children to plaintiff. To maintain an action in tort because of a breach of duty growing out of a contractual relation, the breach must be shown to have been a breach of duty imposed by statute or a duty imposed by a recognized common law principle. *Mauldin v. Sheffer,* 113 Ga. App. 874 (150 SE2d 150); *Sutker v. Pennsylvania Ins. Co.,* 115 Ga. App. 648 (155 SE2d 694).

*Judgment affirmed. Quillian and Whitman, JJ., concur.*

Submitted June 1, 1970—Decided September 9, 1970—

Rehearing denied September 29, 1970.

*Poole, Pearce & Cooper, William F. Lozier,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Ralph H. Hicks,* for appellee.