27468, 27488.   CITY OF LAWRENCEVILLE v. HUMPHRIES; and vice versa.

JORDAN, Justice. Humphries initiated a petition for mandamus against the City of Lawrenceville to compel the issuance of a use permit for a multi-story apartment complex under a zoning ordinance in effect on August 2, 1971, alleging that he made application on that date, but that it was denied on the ground that all use permits were "frozen" because of pending proceedings for the adoption of a new zoning ordinance. After hearing, the trial judge denied the motion of the defendant to dismiss on the ground that the defendant was not the proper party, and then entered the following order:

"Plaintiff brings this petition for a writ of mandamus seeking to compel the City of Lawrenceville to issue to him a use permit under such laws and ordinances as were in force on August 2, 1971. It appears without contradiction that upon the presentation of his application for a use permit, he was informed by the Clerk of the City of Lawrenceville that the mayor and council had instructed her to accept no further applications for use permits pending action by the zoning board of the city in rezoning city property.

"There is some question from the record as to whether or not plaintiff did everything that was necessary in order to secure a hearing upon his application for said use permit. Among other things, whether or not the plans and specifications of a proposed building were submitted.

"At any rate, it appears without contradiction that his application was refused not because of its form but because of instructions from the mayor and council not to accept same.

"To entitle one to the writ of mandamus, it must appear from the petition therefor that the applicant has a clear legal right to have performed the particular act which he seeks to have enforced. (See Simpson vs. City of Marietta, 220 Georgia, pages 727, 728).

"In view of the fact that plaintiff was refused any consideration of his application for a use permit because of the action of the Mayor and Council of the City of Lawrenceville, this court is of the opinion that further action upon his part at that time was unnecessary. It is the further opinion of the court that plaintiff is entitled to have his application for a use permit considered under the ordinances and laws in force at the time he presented same.

"It is, therefore, ordered that plaintiff be allowed to resubmit his application for a use permit under the laws and ordinances as they existed on August 2, 1971, and that same be duly considered and passed upon by the proper authorities of the City of Lawrenceville.

"And it is so ordered, this 28th day of June, 1972."

The defendant appealed, and the plaintiff cross appealed. *Held:*

1. The denial of the motion to dismiss was proper. Under the stated facts there can be no question but that the governing body of the City of Lawrenceville was a proper party defendant. See *Adams v. Town of Weston,* 181 Ga. 503 (183 SE 69). The municipal planning board and the board of adjustment were appointed by the Mayor and Council of the City of Lawrenceville. *Code Ann.* §§ 69-803 and 69-815. The city clerk also served as the clerk of the planning board. The zoning uses and regulations were promulgated by an ordinance of the City of Lawrenceville. The record here is clear that the governing body of the city had directed its agency, the planning board, not to issue any more use permits, that such were "frozen" and that such action purportedly stripped the planning board of authority and vested same in the governing body of the city. It was the governing body of the city to which the application was presented and which entered upon its minutes that "all use permits are frozen." Some 22 days later the governing body adopted a new zoning ordinance which changed use of plaintiff's property. Thus it is clear that the governing body of the City of Lawrenceville was the real party defendant against whom substantial relief was prayed, and that the claim should be construed as a claim for relief against the mayor and council of the City of Lawrenceville. *Code Ann.* § 81A-108 (f) (CPA § 8f).

2. It is noted that the order of the trial judge did not grant the mandamus relief prayed for but merely ordered that the plaintiff be allowed to re-submit his application under the ordinance as it existed on August 2, 1971. From this portion of the order the plaintiff cross appeals. We find no merit in the cross appeal since the trial court found that "there was some question from the record as to whether or not plaintiff did everything that was necessary in order to secure a hearing upon his application." He further indicated that this was due to the instruc-

tions from the defendant that the application would not be accepted because the issuance of same had been "frozen."

This court has recently made clear that when land is zoned for a particular use, and an applicant properly applies for authorization to use the land for that particular use, he is entitled to have such authorization issued. *Gifford-Hill & Co. v. Harrison*, 229 Ga. 260 (191 SE2d 85). Under this holding the plaintiff was entitled to proceed with his application and have it passed upon under the ordinance in force and effect on August 2, 1971, the date on which the application was tendered to the clerk of the planning board.

*Judgment affirmed. All the Justices concur.*
ARGUED OCTOBER 10, 1972—DECIDED NOVEMBER 15, 1972.

*Stark, Stark & Henderson, Homer M. Stark,* for appellant.
*G. Hughel Harrison, James W. Garner,* for appellee.