48026. MURRAY CHEVROLET COMPANY, INC. v. GODWIN.

STOLZ, Judge. *On August 20, 1971,* J. A. Godwin, in his capacity as administrator of the estates of L. A. and Cora Lee Godwin, deceased husband and wife, brought an action against Peninsular Fire Insurance Co. and its insured, Murray Chevrolet Co., Inc., to recover burial expenses for the decedents, who were

alleged to have been killed on *October 3, 1969* while occupying a vehicle owned by defendant Murray Co., under the medical payments provisions of a policy issued to Murray Co. by Peninsular. The defenses filed were, inter alia, that the claim in behalf of the estate of L. A. Godwin, who was at the time of his death an employee of Murray Co., was barred by a policy provision excluding Murray Company's employees, and that any liability of Peninsular should be reduced by the amounts of $1000 for each of the decedents, which it had paid to the plaintiff under L. A. Godwin's automobile insurance policy with Peninsular.

On *January 17, 1972,* the plaintiff voluntarily dismissed as to defendant Peninsular, and amended his complaint, eliminating all allegations as to insurance, and alleging in two counts his claims, as administrator, for the estates of the husband and the wife, respectively. In count 1 he sought *damages* for the funeral expenses for the husband, based upon allegations that he had been killed in a truck accident on October 3, 1969 while operating a truck, owned by the Georgia defendant corporation, on a Florida public highway, and that there were no surviving dependent children. There was no allegation of the defendant's negligence in this count of the amendment. In count 2 he sought damages for the wrongful death and funeral expenses of the wife, based upon the allegations that the wife, who was not survived by any spouse or minor dependent children, was a guest passenger in the defendant's vehicle when she was killed in the collision, which was caused by the alleged negligent acts of her husband, who was driving the vehicle as an employee of, and with the knowledge and consent of, the defendant.

At the call of the case for trial on the following day, the trial judge overruled the defendant's motion for a continuance for adequate time to prepare defenses to the new tort claim substituted by amendment for the original contract claim, and overruled the defenses of failure to state a claim, and the statute of limitation, which the judge allowed the defendant to dictate into the record by stipulation with the plaintiff's counsel. The case was tried before a jury, resulting in a verdict and judgment in favor of the plaintiff for the estates of the husband and the wife.

The defendant appeals from the judgment on the verdict and from the overruling of its motion for judgment notwithstanding the verdict. *Held:*

1. The allegations of the original complaint did not state a claim against defendant Murray Co. The complaint was purely and

simply a contract action on an insurance policy for funeral expenses. It alleged. a demand by the plaintiff on the co-defendant,. Peninsular, and the defendant's denial of the claim. The complaint was all but silent as to defendant Murray Co., merely showing it as a party defendant in the caption and containing only a jurisdictional allegation as to it. This is not *fair notice of what the claim was and the grounds upon which it rested.* See *White v. Augusta Motel Hotel Inv. Co.,* 119 Ga. App. 351 (2) (167 SE2d 161).

Further, counsel for both parties have stipulated that the parties were subject to the Workmen's Compensation Act, which precluded this action for damages for funeral expenses arising out of the employee's accident which, the evidence shows, arose out of and in the course of his employment and was not within any exception named in the Act. See *Fowler v. Southern Wire & Iron,* 104 Ga. App. 401, 404 (122 SE2d 157) and cits.

In addition, even if the claim was not precluded for the reasons given, the evidence did not authorize a recovery for the husband's estate. "To maintain an action in tort because of a breach of duty growing out of a contractual relation,. the breach must be shown to have been a breach of duty imposed by statute or a duty imposed by a recognized common law principle. [Cits.]" *Deacon v. Deacon,* 122 Ga. App. 513 (177 SE2d 719). "Upon one who brings a suit against a master for injuries to a servant it is incumbent to show not only negligence on the part of the master, but due care on the part of the servant. . . . " *Western & A. R. v. Michael,* 42 Ga. App. 603 (2) (157 SE 226). "A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself." Code § 66-303. "[T]he employer will not be held liable where the employee's injury was caused by his own improper performance of a task for his master." *Atlantic C. L. R. Co. v. Brown,* 82 Ga. App. 889, 892 (62 SE2d 736). Both the allegations of the complaint and the evidence show that the collision upon which the claim is based was caused by the deceased employee's negligence. Hence, there can be no recovery by the estate of the employee, who was the author of the negligence which caused his own death.

2. Concerning count 2 (for the wife's estate), it is conceded that both the Georgia and the Florida statutes of limitation allow two years for the bringing of wrongful death actions, and that the amendment claiming damages for the wrongful death of the wife was filed more than two years after the decedent's death. The

question to be decided here is, whether the amendment relates back to the date of the filing of the original complaint, which was within the two-year statute of limitation.

"A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pre-trial order." Code Ann. § 81A-115 (a) (Ga. L. 1966, pp. 609, 627; Ga. L. 1968, pp. 1104, 1106; 1972, pp. 689, 694.) "A party may also state as many separate claims . . . as he has regardless of consistency . . ." Code Ann. § 81A-108 (e2) (Ga. L. 1966, pp. 609, 619; Ga. L. 1967, pp. 226, 230). Even if the above permits a complaint stating a contract claim to be amended so as to state a tort claim, it does not allow this to be done where the tort claim is barred by the statute of limitation at the time it is sought to be asserted for the first time by means of amendment. "All pleadings shall be so construed as to do substantial justice." Code Ann. § 81A-108 (f) (Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230). Although defendant Murray Co. was a nominal party defendant in the plaintiff's original action, the defendant insurer was the real party defendant against whom substantial, indeed the sole, relief was prayed and the sole basis of the claim was in contract, on the insurance policy. Under these circumstances, the original claim should be construed as a contract claim against the real party defendant insurer. See *City of Lawrenceville v. Humphries,* 229 Ga. 724 (1) (194 SE2d 84). Code Ann. § 81A-115 (c) provides: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment *changing the party* against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and *within the period provided by law for commencing the action against him,* the party to be brought in by amendment (1) *has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits,* and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." (Emphasis supplied.) The amendment here, initiating a tort claim, did not relate back to the date of the original complaint because the contract action seeking relief only against the defendant insurer was not such notice, within the time allowed by the statute of limitation, of a possible tort claim against the defendant Murray

Co. The defendant gave no express or implied consent that the issues in the claim of the wife's estate be tried, but rather filed a defense of the statute of limitation thereto, which was overruled. See *Lambert v. Gilmer,* 228 Ga. 774, 775 (187 SE2d 855). The case of *Atlanta Newspapers v. Shaw,* 123 Ga. App. 848 (182 SE2d 683) is not authority for the contrary position, as it merely allowed an amendment showing the capacity of the plaintiff to sue, rather than changing the real parties in interest and the claim, or cause of action, before the court. Accordingly, the trial judge erred in overruling the defense of statute of limitation as to the claim for wrongful death damages in count 2.

3. The Georgia and Florida statutes of limitation for recovery of funeral expenses both being four years, the defense of statute of limitation was properly overruled as to this portion of count 2.

4. Therefore, the trial judge erred in his judgment overruling the motion for judgment notwithstanding the verdict, except in regard to the claim in count 2 for the wife's funeral expenses. Accordingly, the aforesaid judgment is reversed upon the condition that the plaintiff write off from the recovery for the wife's estate the amount not attributable to her funeral expenses as proved by the evidence; otherwise, a new trial is to be granted for the jury to determine a reasonable amount for her funeral expenses.

*Judgment reversed upon condition. Bell, C. J., Hall, P. J., Eberhardt, P. J., Deen, Quillian, Evans and Clark, JJ., concur. Pannell, J., dissents.*

ARGUED APRIL 9, 1973 — DECIDED MAY 30, 1973.

*Young, Young & Ellerbee, F. Thomas Young,* for appellant.
*Knight & Perry, W. D. Knight,* for appellee.

PANNELL, Judge, dissenting. I dissent from the ruling in Division 2 of the opinion and to the resulting judgment that the trial court erred in overruling the defense of the statute of limitation as to the wrongful death damages sought to be recovered in count 2 of the amended pleading.

In my opinion, the majority places too much emphasis on the fact that the claim as first asserted was a contract action solely against the insurance company (based primarily on the demand for judgment construed by the majority to be against the insurance company) and that the amendment was based on a tort solely against the other defendant. The other defendant, Murray

Chevrolet Company, Inc., was already a party to the case and had filed an answer therein. Under the provisions of Section 54 (c) of the Civil Practice Act (Code Ann. § 81A-154 (c)) "Every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings . . ." and this "makes it clear that the demand for judgment is no part of the claimant's cause of action." Moore's Federal Practice (2d Ed.), Vol 2A, § 8.18, p. 1803.

The critical element here is not difference in "cause of action" but the facts or transaction on which the claim is predicated. "The Federal rules [from which ours were practically copied] have broadened the meaning of the concept of 'cause of action,' shifting the emphasis from a theory of law as to the cause of action, to the specified conduct of the defendant upon which plaintiff relies to enforce his claim. And an amendment which changes only the legal theory of the action or adds another claim arising out of the same transaction or occurrence, will relate back. Thus, an amendment will relate back which . . . changes the theory of the action from one based on contract to one sounding in tort, . . . or increases the amount of damages claimed." Moore's Federal Practice (2d Ed.), Vol 3, § 15.15 [3], pp. 1027-1030. See also Nola Electric Co. v. Reilly, 93 FSupp. 164 (14 FR Serv. 3.2, Case 1), cert. den., 340 U. S. 951 (71 SC 570, 95 LE 685); White v. Holland Furnace Co., 31 FSupp. 32 (2 FR Serv. 15 (c).1, Cases 3, 5). We are not concerned here with a trial had under a pleading based on contract rights and tried on that theory, where the plaintiff then claims relief based on theory of tort. See in this connection Rasmus v. A. O. Smith Corp., 158 FSupp. 70.

There being no actual substitution of parties or new parties added and the transaction being the same, and the amendment setting forth a tort action arising out of the same transaction, the amendment, according to the express terms of the statute, related back to the filing of the original complaint which was filed within the period required by the statute of limitation applicable.