## 50656. DILLINGHAM v. DOCTORS CLINIC, P. A. et al.

PANNELL, Presiding Judge.

Defendants moved to dismiss plaintiff's complaint, and the trial court granted the motion as to all defendants. The plaintiff alleges error in the sustaining of the motion to dismiss as to defendants Doctors Clinic, P. A., and Charles E. Willis, M. D., P. A. *Held:*

1. Plaintiff's complaint was filed per se and contained excess verbiage. In his brief, appellant paraphrased his complaint "weeding through the surplusage" as follows: "Complainant was injured by the Defendants, by virtue of the fact that certain Defendants performed surgery of a questionable nature upon complainant's legally married wife, during the course of said marriage thereby injuring the complainant by causing him a loss of services and consortium (materially affected the marital and conjugal relationship and destroyed the home life of said parties)." This is an accurate statement of the complaint reduced to simple terms. The trial court committed no error in dismissing this complaint as it failed to set forth a claim for relief.

Civil Practice Act, Section 8 (Ga. L. 1966, pp. 609, 619; Code Ann. § 81A-108), requires that the complaint set forth "a short and plain statement of the claim

showing that the pleader is entitled to relief." "The sample forms for 'negligence complaints' contained in the Civil Practice Act (see Code Ann. §§ 81A-309, 81A-310 and 81A-314), while being very brief and simple all contain at least a *general allegation of negligence." White v. Augusta Motel Hotel &c. Co.,* 119 Ga. App. 351, 352 (167 SE2d 161). The complaint alleges only that defendants performed surgery of a "questionable nature" on plaintiff's wife. This does not amount to an averment of negligence, even in general terms.

To recover for loss of consortium, plaintiff would have to prove not only that consortium had been lost, but also that the loss would have given rise to liability on the part of the defendants. *Smith v. Tri-State Culvert Mfg. Co.,* 126 Ga. App. 508, 510 (191 SE2d 92). To establish the defendants' liability, plaintiff must allege that they were in some way negligent in the performance of their duties. There being no allegation of negligence against the defendants, and loss of consortium alone being insufficient, the trial judge did not err in dismissing the complaint.

2. Since we have decided that it was proper for the trial court to dismiss the complaint on at least one of the grounds asserted by defendants, it is not necessary to decide if the other grounds would have also supported the dismissal.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED MAY 8, 1975 — DECIDED SEPTEMBER 2, 1975 — REHEARING DENIED SEPTEMBER 19, 1975 — ▮▮▮▮▮▮▮▮

*Hendon, Egerton, Harrison & Glean, Michael Anthony Glean,* for appellant.

*Erwin, Epting, Gibson & McLeod, Gary B. Blasingame, Henry G. Garrard, III,* for appellees.