## 50743. M & R INVESTMENT, INC. v. LONG.

STOLZ, Judge.

On March 2, 1971, the plaintiff-purchaser and the defendants-sellers executed an option agreement for the purchase-sale of real estate for which option the plaintiff-purchaser paid the defendants-sellers an option payment of $2,000. Said option agreement was for a period of 90 days and further provided that the plaintiff-purchaser could extend said period for three successive 30-day periods by paying $500 per 30-day period, and the plaintiff-purchaser did in fact exercise his extension rights as aforesaid.

The sixth paragraph of the aforesaid option provided: "It is stipulated that during the original term of the said ninety (90) day option, beginning with the date of this instrument and/or during the thirty (30) day renewal extensions of this Option Agreement, as set forth in paragraph numbered Fourth, that the failure of the Federal Housing Administration to approve the property

and to issue its firm commitment for the insurance of the mortgage acceptable to the Purchaser, that upon notice to the Owner of such fact, the Owner and/or the Escrow Agent shall forthwith, or in all events, within ten (10) days after such notice, return to the Purchaser the Two Thousand and no/100 ($2,000.00) Dollars delivered for the ninety (90) day option period as described in the paragraph numbered Third."

On October 28, 1971, the acting area director of the Department of Housing and Urban Development wrote the plaintiff that the site for the proposed construction was unacceptable. On November 24, 1971, a letter was sent from the plaintiff to Mr. William Plunkett, the defendants' real estate agent, enclosing a copy of the letter from H.U.D. to the plaintiff of October 28, 1971, and requesting a refund of the $2,000 referred to in the option agreement executed by the parties. The defendants' refusal to comply precipitated this litigation. The trial court overruled the defendants' motion for summary judgment, and sustained the plaintiff's motion for summary judgment. The defendants appeal.

1. The trial judge was correct. There was "a failure of the F. H. A. to approve the property" within the period contemplated in the option and extensions. Consequently, upon the purchaser-plaintiff's notice to the sellers' agent thereof, the $2,000 should have been refunded to the purchaser-plaintiff.

2. The plaintiff's claim to the money is not defeated by reason of the time interval between receipt of the notice from F.H.A. (October 28, 1971) and the plaintiff's request for refund sent to the defendant's agent (November 24, 1971).

The 10 days referred to in paragraph 6 of the option applies to the notice that the plaintiff-purchaser gave to the defendants-sellers of the F.H.A. refusal to approve the property.

*Judgment affirmed. Bell, C. J., Pannell, P. J., Deen, P. J., Quillian, Clark and Marshall, JJ., concur. Evans and Webb, JJ., dissent.*

ARGUED MAY 21, 1975 — DECIDED OCTOBER 17, 1975.

*Pierce, Ranitz, Berry, Mahoney & Forbes, John M. Ranitz,* for appellant.

*Bouhan, Williams & Levy, B. H. Levy, Jr.,* for appellee.

EVANS, Judge, dissenting.

J. C. Long & Associates, as plaintiff, brought suit against Joseph W. Myer and M & R Investment, Inc., because of the failure of defendants to return to plaintiff $2,000 paid as option money by plaintiff to defendant, in which the purchase of land was contemplated.

The pertinent part of the contract which was dated March 2, 1971, provides: "during the original term of said ninety (90) day option, . . . and/or during the thirty (30) day renewal extensions of this Option Agreement, as set forth in paragraph numbered Fourth, that the failure of the Federal Housing Administration to approve the property and to issue its firm commitment for the insurance of the mortgage acceptable to the purchaser, *that upon notice to the owner of such fact the owner and/or the Escrow Agent shall forthwith, or in all events, within ten (10) days after such notice, return to the Purchaser the Two Thousand and No/100 ($2,000.00) Dollars delivered for the ninety (90) day option period."*

Plaintiff prayed for and was granted summary judgment for the $2,000.

It is trite to remind that all evidence, inferences, etc., in motions for summary judgment must be construed most strongly against the movant. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5, 6 (126 SE2d 442); *McCarty v. Nat. Life &c. Ins. Co.,* 107 Ga. App. 178 (129 SE2d 408).

Plaintiff's evidence as to his compliance with the quoted provision of the contract was an affidavit of one of its employees to the effect that: "affiant and other agents and employees of J. C. Long & Associates, including J. Louis Lempesis, *exerted their best efforts* on behalf of J. C. Long & Associates to secure the Federal Housing Administration's approval of said real estate site and on or about November 24, 1971, affiant sent notice to William Plunkett 'that the Federal Housing Administration had failed to approve the said real estate

site and that the said Option Payment of $2,000 should be returned to J. C. Long.' " (Emphasis supplied.)

Affiant attached as an exhibit a letter dated October 28, 1971 from the acting area director of the Department of Housing and Urban Development to J. C. Long & Associates that the said real estate site was unacceptable.

The Department of Housing and Urban Development succeeded to the functions and duties of the Federal Housing Administration in 1965. See: 12 U.S.C.A. § 1702; 42 U.S.C.A. §§ 1403, 3534.

As stated, the original contract was dated March 2, 1971, and the 90-day option, plus three 30-day extensions, extended the time for action until on or about September 2, 1971.

The movant for summary judgment, with the burden cast upon him of proving facts, and not conclusions, introduced no evidence that plaintiff or any of its agents took any action prior to the termination of the contract on or about September 2, 1971. The letter attached to his affidavit was not dated until October 28, 1971. Nor is one single fact stated in the affidavit to the effect that plaintiff or any one of his agents did anything to seek compliance with the contract prior to its expiration date, but to the contrary, uses the vague, ambiguous, and meaningless terms: "exerted their *best efforts* on behalf of J. C. Long & Associates to secure the Federal Housing Administration's approval of said real estate site" and on or about *November 24, 1971,* sent notice to William Plunkett "that the Federal Housing Administration had failed to approve the said real estate site. . ." What were the *efforts* that were exerted? We are told they were the "best efforts" of J. C. Long & Associates, but we don't know what they were. This is a conclusion, pure and simple, and will not support a motion for summary judgment. See Code Ann. § 81A-156 (e); *Matthews v. Wilson,* 119 Ga. App. 708, 711 (168 SE2d 864); *Patterson v. Cotton States Mut. Ins. Co.,* 221 Ga. 878, 882 (148 SE2d 320); *Crawford v. McDonald,* 125 Ga. App. 289, 291 (187 SE2d 542); *Land v. Delta Air Lines,* 130 Ga. App. 231, 232 (203 SE2d 316). Further, the remainder of the affidavit shows that the first action taken was on October 28, 1971 and on November 24, 1971, long after the contract and all

extensions thereof had expired on or about September 2, 1971.

The facts here do not show when the application for approval of the property was made, or if the letter referring to "Pulaski Terrace" is referring to the property in question. Likewise, affiant's affidavit that he and others had exerted "their best efforts" is a mere conclusion, and cannot be considered.

The motion for summary judgment fell far short of compliance with the requirements in that:

1. Whatever actions were taken by plaintiff to comply were taken long after the right to take same after the contract had expired.

2. Simply to assert in an affidavit that the agents of plaintiff exerted "their best efforts" is a conclusion pure and simple, and finds no proper place in an affidavit supporting a motion for summary judgment; and all conclusions must be construed most strongly against the movant.

Plaintiff's evidence being totally insufficient to authorize a summary judgment, I respectfully dissent; and urge that summary judgment should not have been granted in plaintiff's favor.

I am authorized to state that Judge Webb joins in this dissent.