## 30580. DILLINGHAM v. DOCTORS CLINIC, P. A. et al.

HALL, Justice.

This court granted an application for a writ of certiorari to review the decision and judgment of the Court of Appeals in *Dillingham v. Doctors Clinic,* 135 Ga. App. 736 (219 SE2d 2) (1975) because of a conflict between that decision which followed *White v. Augusta Motel Hotel &c. Co.,* 119 Ga. App. 351, 352 (167 SE2d 161) (1969) and the decision in *Beaver v. Southern Greyhound Lines, Inc.* 120 Ga. App. 576 (171 SE2d 658) (1969). *Dillingham* and *White* held that a negligence petition must "contain at least a general allegation of negligence." *Beaver* held that the "absence of a general allegation of negligence will not subject the petition to dismissal. . ." We approve the ruling in *Beaver,* disapprove the rulings in *Dillingham* and *White,* and reverse the judgment of the Court of Appeals which affirmed the trial court's dismissal of plaintiff's petition on the ground that it failed to state a claim for relief.

The CPA abolished "issue pleading," substituted in lieu thereof "notice pleading," and directs that "all pleadings shall be so construed as to do substantial justice." Code Ann. § 81A-108; *Bourn v. Herring,* 225 Ga. 67, 70 (166 SE2d 89) (1969); *A-1 Bonding Service v. Hunter,* 118 Ga. App. 498 (164 SE2d 246) (1968); *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (163 SE2d 327) (1968). "Under the CPA, a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974). This principle has been followed consistently by this court since *Martin v. Approved Bancredit Corp.,* 224 Ga. 550 (163 SE2d 885) (1968). It is important to note that the sustaining of a motion to dismiss for failure to state a claim is res judicata on the merits of the claim.

In this case the plaintiff husband filed a pro se complaint sounding in tort for loss of services and consortium which resulted in the breakup of his marriage. He alleged that a doctor at the clinic performed

an operation of a "questionable nature" to induce weight loss in the wife without his consent. In our opinion it cannot be said as a matter of law that it appears beyond doubt that the plaintiff will not be able to prove facts at the trial to entitle him to relief under his claim. It must be remembered that the objective of the CPA is to avoid technicalities and to require only a short and plain statement of the claim that will give the defendant fair notice of what the claim is and a general indication of the type of litigation involved; the discovery process bears the burden of filling in details. See Conley v. Gibson, 355 U. S. 41 (1957); 5 Wright & Miller, Federal Practice and Procedure, Civil: § 1215, pp. 108-112 (1969); 2A Moore's Federal Practice, § 8.13, p. 1699 (1975).

The above principles are even more important where the court is construing pro se pleadings. This is well illustrated by the celebrated case of Dioguardi v. Durning, 139 F2d 774 (2d Cir. 1944), which was cited with approval by the Supreme Court in Conley, supra. See 5 Wright & Miller, supra, § 1220, pp. 146-148.

During oral argument, the plaintiff's attorney stated that his client in his pro se petition was seeking to set forth a claim for relief in a malpractice suit. The plaintiff represented himself in the hearing on defendant's motion to dismiss the complaint and then subsequently employed counsel prior to the order of the trial court dismissing the petition.

The history of this case shows the amount of time, money and effort that has been expended over the question whether the plaintiff is entitled to a trial on the merits of his claim. All of this could have been easily avoided if any of the following steps had been taken by the litigants: 1. If the plaintiff had employed an attorney to bring the proposed lawsuit. 2. If the plaintiff's attorney, after being retained, had filed an amendment to the petition prior to the order of dismissal. 3. If the defendant's counsel had proceeded under the proper rules of discovery to ascertain the necessary details to seek a summary judgment or prepare for trial.

*Judgment reversed. All the Justices concur, except Hill, J., who concurs specially, and Jordan, J., who dissents.*

ARGUED JANUARY 13, 1976 — DECIDED
JANUARY 28, 1976 — REHEARING DENIED
FEBRUARY 17, 1976.

*Hendon, Egerton, Harrison, Glean & Kovacich, Michael Anthony Glean,* for appellant.
*Erwin, Epting, Gibson & Chilivis, Gary B. Blasingame, Henry Jarrard,* for appellees.

HILL, Justice, concurring.

I concur in the opinion and judgment of the court but I feel compelled to add that the issue decided here involves the sufficiency of a complaint under the Civil Practice Act. This opinion does not create any new right of action against a doctor for malpractice. The husband's right to recovery will be controlled by the existing laws as to malpractice and the existing laws as to rights of recovery of damages for loss of services, loss of consortium, etc., or other existing laws which would entitle this plaintiff to recover damages from this defendant as a result of the operation upon the wife and the other actions of the defendants referred to in the complaint.