## 59024. SMITH v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

DEEN, Chief Judge.

On May 3, 1975 plaintiff was injured and her husband killed in an automobile collision. On November 29, 1978 she brought this action against the appellee insurer to recover for lost income under no-fault provisions of her husband's automobile policy. The defendant admits that by endorsement it would be liable for 85% of plaintiff's loss of income under the policy, but denies that the economic loss sought is compensable. The Code, § 56-3403b (b) (2), specifies a minimum no-fault coverage in automobile insurance policies to cover 85% of the loss of income or earnings during disability up to $200 per week. The plaintiff's insurance policy defined income as "salary, wages, tips, commissions, fees and other earnings derived from work or employment." The insurer moved for summary judgment on the grounds that the plaintiff had lost no compensable income and that her claim was barred by the statute of limitations. The trial court granted the motion without specifying which ground was upheld, and the plaintiff appeals.

1. Considering first the statute of limitations de-

fense, we do not find the action barred on this account. Insurance is a matter of contract, the applicable statute of limitations on a simple contract being six years. Where "the defendant insurer was the real party defendant against whom substantial, indeed the sole, relief was prayed and the sole basis of the claim was in contract, on the insurance policy . . . the original claim should be construed as a contract claim against the real party defendant insurer." *Murray Chev. Co. v. Godwin,* 129 Ga. App. 153, 156 (199 SE2d 117) (1973). Where the plaintiff is a named insured under a contract which undertakes to pay her certain sums for total disability, her action to recover the sums stipulated is a contract action, not an action for personal injury. *Prudential Ins. Co. v. Sailors,* 69 Ga. App. 628 (1) (26 SE2d 557) (1943). The limitation is that applicable to simple contracts.

*Vaughn v. Collum,* 236 Ga. 582 (224 SE2d 416) (1976) and *Houston v. Doe,* 136 Ga. App. 583 (222 SE2d 131) (1975), finding a two-year limitation applicable in uninsured motorist cases, do not require a decision to the contrary. The reasoning applied in *Vaughn* clearly indicates the difference. The applicable statute in that case, Code § 56-407.1 (d), requires that when the tort action is filed against the uninsured motorist a copy be served on the UM insurer "as though such an insurance company were actually named as a party defendant." *Vaughn* observes that the issues in such a case are dependent entirely on tort liability. "If there is no tort liability, there is no responsibility to pay the tort judgment as provided by the contract." Id. Under the Georgia Motor Vehicle Accident Reparations Act liability is not an issue; total benefits are stringently limited unless enlarged on an optional basis; the coverage is entirely a matter of contract between the insured and the insurer, and the stipulations resemble accident insurance rather than a liability policy, the fundamental prerequisite being that the accident, whether the fault of the plaintiff or another, must be the cause of the disability. Accordingly, the statute of limitations applicable to simple contracts obtains and this ground of the motion for summary judgment was not meritorious.

2. It is further contended that the plaintiff did not

receive a loss of income, properly defined, and is therefore not entitled to disability benefits. The plaintiff by affidavit alleged that up until the time of the accident she assisted her husband, who had his own accounting business, as a full-time clerk and bookkeeper; that "she did not receive direct compensation from said business for services rendered but on a regular basis did have the full use, enjoyment and benefit of a portion of the net profits of said firm as compensation for her participation therein, said net profits having been deposited to a joint checking account of deponent and her late husband; that as a result of the injury she is unable to use her right hand, which is essential to her position as a bookkeeper for keyboard operation and writing, and is therefore unable to continue her work as bookkeeper." She further alleges that she, as executrix, sold her husband's accounting practice, the agreement providing for her employment in the business following her recovery from the automobile accident.

Construing this uncontradicted affidavit in favor of the plaintiff opponent to the summary judgment motion, we cannot say that no jury question is raised. The disability benefits are not absolutely controlled by whether the claimant seeks daily or weekly wages as that term is generally used. The statute refers to income and earnings. Cases considering disability benefits frequently refer to them in terms of economic loss. The policy here involved defines income, as we have noted, as salary, wages, tips, commissions, fees *and other earnings* derived from work or employment. This is the exact language of the New Jersey statute (N.J.S.A. 39:6A-2 (c)) considered in Zyck v. Hartford Ins. Group, 143 N. J. Super. 580 (364 A2d 32) (1976). In that case the plaintiff, injured in an automobile collision, sought disability benefits for resulting economic loss. He and his wife jointly operated a real estate business; the income of the business represented commissions deposited into a company business account, and no sales were made between the time of the accident and the time Zyck returned to work. The profits of such a business, it was held (that is, profits generated through the labor of the insured without substantial assistance by others, and where the capital investment is either insignificant or incidental to the

services rendered) may and should be equated with "income" within the meaning of the No Fault Act. It is further held (p. 39) that it matters little whether the plaintiff for whose loss of profits compensation is sought is self-employed or employed by another, the operative question being whether the employee generates or produces income from his own employment or work.

In Zyck the plaintiff's wife was the broker and titular head of the firm while the plaintiff worked as a salesman. Here the plaintiff's husband was the actual head of the firm but the plaintiff, according to her affidavit, supplied a full time bookkeeping and clerical service and must be held to that extent to have generated income which would otherwise be spent in the hiring of other help. The income, in the form of profits from the business, was then deposited to the joint account of the spouses. Some part of that income belonged to the plaintiff for her services, and summary judgment will not be granted to the defendant because proof of the percentage amount may be difficult, or because the income tax return, which was joint, described the business as a sole proprietorship. It might well be the sole property of the deceased, and yet a percentage of the profits be the income of the plaintiff. Nor is the defendant entitled to summary judgment because, as it argues, the agreement to rehire the plaintiff made by the purchaser is vague and indefinite. Compensation does not depend on a showing that the same employment continues to be available. These are questions for jury determination. The grant of summary judgment to the defendant was error.

3. The appellee moved to dismiss this appeal on the ground that irrelevant and immaterial matter, in the form of briefs filed in the trial court, has been included in the record. It is true that approximately 20 percent of the record on this appeal is composed of written argument directed to the trial judge, which is indeed irrelevant and unnecessary in this court and ought not to have been included. Under Code § 6-805 (b) either party has a right to a hearing *in the trial court* if he feels that material matter has been omitted or misstated, and no doubt a motion for diminution of record there would be proper where it appears that the notice of appeal has called up extraneous

matter. It is not, however, a ground for dismissal of the appeal in this court. Cf. *Justice v. Dunbar*, 244 Ga. 415 (1979).

*Judgment reversed. Shulman and Carley, JJ., concur.*

ARGUED NOVEMBER 6, 1979 — DECIDED DECEMBER 5, 1979 — REHEARING DENIED DECEMBER 19, 1979 — 

*Carl S. Pedigo, Jr., Joseph A. Odom,* for appellant.
*Luhr G. C. Beckmann, Jr., Andrew J. Hill, III,* for appellee.