## 36714. WEST v. SPRAYBERRY et al.

PER CURIAM.

In 1977 plaintiff West applied for employment as a firefighter with the Bureau of Fire Services of the City of Atlanta. During that year he attempted a portion of the tests which the Bureau requires all applicants for the position of firefighter to take, then halted his efforts until January, 1979 when he renewed his application. He alleges that he successfully completed a number of the tests in 1979, but that his application was suspended because, during the course of an interview, he revealed that he had received a General Discharge from the army. The Bureau of Fire Services concedes that it has a policy of hiring only those veterans who have received Honorable Discharges and that it will not consider the application of any veteran who does not possess an Honorable Discharge. West alleges that he was informed by defendant Sprayberry, head of the Bureau of Fire Services, that, because he had received a General Discharge, he could neither complete the application process nor be hired as a firefighter, regardless of the circumstances under which his General Discharge was issued. West avers that he requested that The Bureau grant him an opportunity to explain the reasons underlying his General Discharge, but that the Bureau refused. West claims that the circumstances under which his General Discharge was issued in no way reflect upon his ability to be a firefighter.[1]

West filed suit in Fulton County Superior Court alleging that this policy of the Bureau violates both the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment as well as the Due Process Clause (Art. I, Sec. I, Par. I) of the Georgia Constitution. In his complaint he requested that the Bureau be

---

[1] The record does not indicate what these circumstances are, nor does the record specify all grounds for which a General Discharge may be issued. At oral argument West stated that he has a skin condition which prevents him from shaving and that, as a result of this, he received a General Discharge.

ordered to complete its evaluation of his application. West argued in the trial court that the Bureau's policy of automatically suspending from the application process those veterans who were not Honorably Discharged denies him due process because he was not afforded an opportunity to demonstrate that the reasons for which he received a General Discharge bear no relationship to his ability to be a firefighter. He also argued that the Bureau's policy treats him differently from those applicants who have never been in the armed forces in that it makes no attempt to exclude from employment non-veteran applicants who share with him those characteristics for which he received a General Discharge. This, West urges, denies him equal protection of the laws.

The Bureau filed a motion to dismiss for failure to state a claim on which relief could be granted. Subsequently West filed a motion for summary judgment. The trial court granted the motion to dismiss and simultaneously denied the motion for summary judgment. West appeals the rulings on both motions.

I. "A motion to dismiss a complaint should not be granted for failure to state a claim unless the complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim." *American Nat. Bank &c. Co. v. Davis,* 241 Ga. 333 (245 SE2d 291) (1978). We cannot say that, as a matter of law, the complaint in this case shows with certainty that the plaintiff will not be able to prove facts at trial which will entitle him to relief under his claim. See, Thompson v. Gallagher, 489 F2d 443 (5th Cir. 1973). "It must be remembered that the objective of the CPA is to avoid technicalities and to require only a short and plain statement of the claim that will give the defendant fair notice of what the claim is and a general indication of the type of litigation involved." *Dillingham v. Doctors Clinic, P. A.,* 236 Ga. 302, 303 (223 SE2d 625) (1976). Therefore, the trial court erred in granting the Bureau of Fire Services' motion to dismiss.

II. " 'The purpose of the Summary Judgment Act is to eliminate the necessity for a trial by jury where, giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law.' " *Meade v. Heimanson,* 239 Ga. 177, 179-80 (236 SE2d 357) (1977); Code Ann. § 81A-156 (c). Code Ann. § 81A-156 places the burden on the moving party to show both that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Under the record made thus far in this case, the plaintiff has not shown that he is entitled to judgment as a matter of law. Therefore, the trial court did not err in denying his motion for

summary judgment.

*Judgment reversed in part, affirmed in part. All the Justices concur, except Undercofler, Marshall and Smith, JJ., who dissent.*

DECIDED MARCH 13, 1981.

*Kenneth G. Levin,* for appellant.
*Mary Carole Cooney,* for appellees.

UNDERCOFLER, Justice, dissenting.

The majority has not faced and decided the substantive legal issue presented on appeal: whether the "conclusive presumption cases" upon which West relies negate the requirement that West have a legally-recognized right to the employment opportunity he is seeking.

West claims that the city conclusively is presuming that any person who has received less than an "Honorable Discharge" from the Armed Services is unfit to be considered for employment as a fire fighter, and that such an irrational presumption cannot pass muster under the due process clause. Bell v. Burson, 402 U. S. 535 (91 SC 1586, 29 LE2d 90) (1971); Stanley v. Illinois, 405 U. S. 645 (92 SC 1208, 31 LE2d 551) (1972); Vlandis v. Kline, 412 U. S. 441 (93 SC 2230, 37 LE2d 63) (1973); USDA v. Murry, 413 U. S. 508 (93 SC 2832, 37 LE2d 767) (1973); Cleveland Board of Education v. La Fleur, 414 U. S. 632 (94 SC 791, 39 LE2d 52) (1974); and Thompson v. Gallagher, 489 F2d 443 (5th Cir. 1973). However, relief from an arbitrary denial of an employment opportunity is afforded only when the claimant has a legally-recognized right to the opportunity. Board of Regents v. Roth, 408 U. S. 564 (92 SC 2701, 33 LE2d 548) (1972); Perry v. Sindermann, 408 U. S. 593 (92 SC 2694, 33 LE2d 570). (1972); and Bishop v. Wood, 426 U. S. 341 (96 SC 2074, 48 LE2d 684) (1976). The majority either assumes the existence of a right to be considered for this employment opportunity, or assumes that the existence of such a right is not material to the case.

West's complaint cannot prevail against the city's motion to dismiss for failure to state a claim because West has failed to establish before this court the legal origin of the claimed right to be considered for employment as a fire fighter. Accordingly, I respectfully must dissent.

I am authorized to state that Justice Marshall joins in this dissent.