### 70174. CHILDS v. ARMOUR FOOD COMPANY.
(333 SE2d 377)

McMURRAY, Presiding Judge.

The sole issue for consideration in this case is whether the action

is barred by the applicable statute of limitation. The plaintiff Walter Childs was injured in an automobile collision on May 31, 1976. He became eligible for personal injury protection benefits for loss of wages under the Georgia Motor Vehicle Accident Reparations Act. The defendant Armour Food Company is self-insured with respect to no-fault coverage. At the time of the collision, $5,000 in basic personal injury protection (PIP) coverage was available from Armour Food Company. Plaintiff first made a claim in 1984 for PIP benefits resulting from the collision. Defendant refused to pay the benefits to plaintiff and this suit was filed on January 31, 1984. Defendant moved for summary judgment based upon stipulated facts. The trial court granted defendant's motion, ruling that plaintiff's action was time barred. *Held*:

1. "Where a policy of insurance contains no limitation as to when suit thereon shall be filed, the period of limitation of action thereon is six years." *Patrick v. Travelers Ins. Co.*, 51 Ga. App. 253 (2) (180 SE 141). This is necessarily the rule because actions upon simple contracts in writing are subject to a six-year statute of limitation. OCGA § 9-3-24. Thus, in a suit to recover basic no-fault benefits, the applicable limitation period is six years. *Smith v. State Farm Mut. Auto. Ins. Co.*, 152 Ga. App. 825 (1) (264 SE2d 296), revd. on other grounds, 245 Ga. 654 (266 SE2d 505). See also *Bryant v. Allstate Ins. Co.*, 254 Ga. 328 (326 SE2d 753); *Ga. Farm Bureau Mut. Ins. Co. v. Musgrove*, 254 Ga. 333 (328 SE2d 565). Since this action was brought more than six years after the collision which gave rise to plaintiff's claim for personal injury protection benefits, it is time barred. *Smith v. State Farm Mut. Auto. Ins. Co.*, 152 Ga. App. 825 (1), supra.

2. Plaintiff's reliance upon *U. S. Fidelity &c. Co. v. Ryder Truck Lines*, 160 Ga. App. 650 (288 SE2d 1), is misplaced. In that case, we ruled that a claim based upon the statutory subrogation provisions of the Georgia Motor Vehicle Accident Reparations Act carried with it a twenty-year limitation period. Such a claim was founded, however, upon statutory, not contractual, liability. In the case sub judice, plaintiff's cause of action lies in contract. Had there been no approved plan of self-insurance in this case, plaintiff would have had no claim for personal injury protection benefits.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 17, 1985 —
REHEARING DENIED JULY 12, 1985.

*W. LaRue Boyce, Jr.*, for appellant.

*Thomas S. Carlock, Michael McGlamry, R. Clay Porter*, for appellee.