A92A0642. PRIDGEN v. AUTO-OWNERS INSURANCE COMPANY et al.
(419 SE2d 99)

SOGNIER, Chief Judge.

L.D. Pridgen d/b/a Pridgen Chiropractic filed suit against Auto-Owners Insurance Company to recover no-fault benefits for chiropractic treatment furnished to Auto-Owners' insured, Leonard Flemming, following Flemming's involvement in an automobile accident and assignment of benefits to Pridgen. Auto-Owners filed a third-party complaint against Flemming. The trial court granted Auto-Owners' motion to dismiss Pridgen's complaint on the ground that suit was barred by the statute of limitation, and Pridgen appeals.

It is undisputed that this suit was filed more than six years after the accident in question occurred. The parties agree that the applicable statute of limitation is OCGA § 9-3-24, which provides, in pertinent part, that "[a]ll actions upon . . . simple contracts in writing shall be brought within six years after the same become due and payable." Appellant contends, however, that the trial court erred by

granting the motion to dismiss because the statute of limitation did not begin to run until appellee Auto-Owners (hereinafter appellee) dishonored the assignment of benefits executed by Flemming in favor appellant. We do not agree.

"The statute of limitation begins to run on any given claim on the date the claim accrues — in other words, on the date that suit on the claim can first be brought. 'When the question is raised as to whether an action is barred by a statute of limitations, the true test to determine when the cause of action accrued is "to ascertain the time when the plaintiff could first have maintained his action to a successful result." ' [Cit.]" *Hoffman v. Ins. Co.*, 241 Ga. 328, 329 (245 SE2d 287) (1978). The statute of limitation began running on the date of the accident for any claim Flemming might have for no-fault benefits against appellee, as that is when he first could have maintained an action against it. *Bryant v. Allstate Ins. Co.*, 254 Ga. 328, 331 (326 SE2d 753) (1985); *Childs v. Armour Food Co.*, 175 Ga. App. 455, 456 (1) (333 SE2d 377) (1985). Since it is well-established that an "assignee has no more rights under the contract than the assignor would have in dealings with the other contracting party," *Algernon Blair, Inc. v. Nat. Surety Corp.*, 222 Ga. 672, 673 (151 SE2d 724) (1966), and that an assignee takes the assignment subject to defenses against the assignor, *Healey v. Morgan,* 135 Ga. App. 915 (219 SE2d 628) (1975), it follows that appellee was entitled to assert the bar of statute of limitation as a defense against appellant as well.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MAY 11, 1992.

*Harry L. Trauffer,* for appellant.
*Young, Clyatt, Turner, Thagard & Hoffman, James B. Thagard, William A. Turner, Jr.,* for appellees.