**22690. ROLEY et al. v. COFFEY et al.**

Argued October 13, 1964—Decided November 5, 1964—Rehearing denied November 19, 1964.

*Grubbs, Prosser & Burke, J. M. Grubbs, Jr.,* for plaintiffs in error.

*Edwards, Bentley, Awtrey & Parker,* contra.

Almand, Justice. The plaintiffs in error, Mrs. Mary Roley and Rolf W. Roley, filed their petition in the Superior Court of Cobb County seeking a temporary injunction and damages against Mrs. Ruby A. Coffey and C. J. Coffey and Rebel Ridge Estates, a partnership of which Mrs. Ruby A. Coffey and C. J. Coffey are general partners. The petition was in two counts. In substance it was alleged in the first count: that plaintiffs contracted to purchase and did purchase by warranty deed a certain house and lot from the defendants; that said house was built by the defendants and was sold by them to the plaintiffs as being in good order and completed in a workmanlike manner, and was represented by the defendants to the plaintiffs as being final and complete at the time of final purchase; that at the time

of sale and subsequently thereto the defendants have impliedly and expressly warranted said house to be in good order and repair without any latent defects, but "said house contained latent defects and has rapidly deteriorated" causing damage in the amount of $3,500; that plaintiffs have demanded that the defendants repair the defects, but the defendants have failed to do so; that plaintiffs executed a note and security deed conveying said property to defendants in the amount of $2,332 as a part of the purchase price of said property, and on account of the facts alleged in the petition, plaintiffs are no longer indebted on said note and security deed; that defendant Ruby A. Coffey is foreclosing said security deed and exercising the power alleged thereunder, and that such foreclosure is wrongful because plaintiffs are not indebted to defendants under said security deed and note; that plaintiffs have no adequate remedy at law and are entitled to have the defendants enjoined from foreclosing the security deed and exercising any power of sale thereunder; that since plaintiffs are not indebted to defendants under said security deed, they are entitled to have the security deed canceled. In count 2 it was alleged that there is no present amount due under the security deed for the reasons stated in count 1, and that there is no provision in the security deed for acceleration of the maturity date in case of default. The prayers were for: (1) process; (2) judgment against the defendant for $3,500; (3) cancellation of the note and security deed and (4) temporary and permanent injunctions restraining the defendants from foreclosing the security deed or exercising the power of sale thereunder.

The trial court entered an order sustaining a general demurrer to both counts of plaintiffs' petition. Error is assigned on this order.

■ In an action to recover damages for misrepresentation by the seller of real estate, the petition is subject to general demurrer if it does not appear that the plaintiff offered to rescind the contract when the representations were discovered to be untrue or it does not appear that the plaintiff could not have discovered the alleged defects by the exercise of ordinary care. *Ray v. Isakson,* 191 Ga. 610 (13 SE2d 360); *Stone v. Moore,*

75 Ga. 565; *Brannen v. Brannen,* 135 Ga. 590 (a) (69 SE 1079). In *Ray v. Isakson,* 191 Ga. 610, supra, it is said: but since "it does not appear that the petitioner offered to rescind the contract when he discovered, or by the exercise of ordinary care should have discovered, the alleged representations by the defendant to be untrue, or why the defendant fraudulently prevented the inclusion of the representations in the written contract, or why plaintiff was forced to rely on the alleged false statements, it was not erroneous to sustain a demurrer thereto and to dismiss the action." Under the rule above stated, it is clear that count 1 of plaintiffs' petition does not state a cause of action. There is no allegation in the petition that plaintiffs offered to rescind the contract. There is no allegation that the alleged defects could not have been discovered by the exercise of ordinary care. The trial court properly sustained the general demurrer to count 1.

■ In count 2 it is alleged that there is no provision in the security deed for acceleration of the maturity date in case of default in payment. The demurrer to this count was properly sustained. The security deed in question does contain a clause providing for an acceleration of the maturity date in the event of default. That clause provides: "And Grantor hereby further covenants and agrees that in case of any default in the payment of any installment of the principal note or notes forming an integral part of said indebtedness at maturity or in the due payment of any interest upon said principal debt, as and when the same shall become due, or in the due performance of any of the covenants herein expressed to be performed by Grantor, then and in that event, the entire amount of said principal indebtedness, together with any and all sums paid for account of Grantor in accordance with the provisions above set forth, shall, at the option of the Grantee, then and thereby become and be due and payable forthwith, with accrued interest, and all the expenses and costs of collection. . ."

The trial court did not err in sustaining the general demurrer to plaintiff's petition.

*Judgment affirmed. All the Justices concur.*