43303. LARISCY et al. v. HILL.

ARGUED JANUARY 10, 1968—DECIDED JANUARY 30, 1968.

*W. Colbert Hawkins,* for appellants.

*L. H. Hilton,* for appellee.

HALL, Judge. ■ The plaintiff's petition.—The allegations of the complaint present us with the problem of alleged fraud on the part of the defendants and lack of diligence on the part of the plaintiff. "The policy of the courts is on the one hand, to suppress fraud and, on the other, not to encourage negligence and inattention to one's own interests. The rule of law is one of policy. Is it better to encourage negligence in the foolish, or fraud in the deceitful? Either course has obvious dangers." 23 AmJur 948, § 146. The majority of jurisdictions hold that "judicial experience exemplifies that the former is less objectionable and hampers less the administration of pure justice." Id. See also 37 CJS 274, § 30 (c). Nevertheless, in Georgia a plaintiff cannot recover where he could have prevented the fraud by the exercise of ordinary care. *Brim v. Couch,* 184 Ga. 310 (191 SE 94). "In seeking to choose between a fraudfeasor and a negligent party, the Georgia law unfortunately goes with the alleged crook." *Cole v. Cates,* 113 Ga. App. 540, 545 (149 SE2d 165).

The question of whether the plaintiff could have protected himself by the exercise of ordinary diligence is usually left to the jury. *A. M. Kidder & Co. v. C. A. Evans & Co.,* 111 Ga. App. 484, 490 (142 SE2d 269); *Blanchard v. West,* 115 Ga. App. 814 (156 SE2d 164). However, where "the petition does not

affirmatively allege that the plaintiff was diligent or contain averments of facts from which his diligence may be reasonably inferred, the petition sets forth no issue to be passed upon by the jury." *Scott v. Fulton Nat. Bank of Atlanta*, 92 Ga. App. 741, 744 (89 SE2d 892). See also *Roley v. Coffey*, 220 Ga. 447, 448-449 (139 SE2d 290).

"A director in dealing with another stockholder for the purchase of his stock is under the same duties as partners, agents, and other fiduciaries to make a full disclosure of all material facts relative to the value of the corporate property under his control, known to him and unknown to the selling stockholders." However, "A director in buying [or selling] the stock is not under such duty to the corporation or the other directors." *King Manufacturing Co. v. Clay*, 216 Ga. 581, 586 (118 SE2d 581). Since the petition shows on its face that the sale was between co-directors of the corporation, and the only allegation made as to the plaintiff's failure to ascertain the insolvency of the corporation being that he resided in another locality and "took no active part in the corporation," the trial court erred in overruling the defendants' general demurrer to the petition. See *Dortic v. Dugas*, 55 Ga. 484, 496 (6).

■ Defendants' cross action.—"Generally a cause of action ex delicto cannot be set off against an action ex contractu, and vice versa." *Gillespie v. Georgian Finance &c. Corp.*, 113 Ga. App. 134 (147 SE2d 465). While the plaintiff raises this point in his brief in this court (plaintiff sued in tort for fraud—defendants' cross action is in contract), the record discloses no such attack upon the cross action in the trial court. The only question before us on the cross action is whether the trial court erred in denying the defendants' motion for summary judgment.

The theory of the defendants' cross action appears to be an anticipatory breach of contract. The alleged contract of July 23, 1965, for the purchase of the stock provided for payments for the purchase price to become due 90 days, two years, and three years after date, and for the shares to be pledged to the defendants as collateral security with the right in the defendants, in the event the plaintiff should default in payment, to sell the security at public sale to pay such indebtedness. The cross

action alleges that the plaintiff has failed and refused to pay the first payment which has become due under the terms of the contract and they fear that he will fail and refuse to pay the sums to become due in the future. The contract contains no provision for acceleration of the remaining payments in the event of default, but the defendants allege in the cross action that the plaintiff has made the corporation insolvent and caused their security to become worthless. The defendants do not allege that the plaintiff himself is insolvent. The defendants do not cite authority for their position that the facts alleged give them a right to recover a personal judgment for the full amount of payments to become due under the contract. Assuming, but not deciding, that the facts alleged give the defendants grounds for the relief sought, the evidence presented by the defendants with their motion for summary judgment does not support the allegations of the cross action set out above. The trial court did not err in denying the defendants' motion for summary judgment on their cross action.

*Judgment overruling defendants' general demurrer to the petition reversed; judgment denying the defendants' motion for summary judgment affirmed. Bell, P. J., and Quillian, J., concur.*