## 43683. HILL v. LARISCY et al.

WHITMAN, Judge. The petition in this case seeks damages for alleged fraud and deceit by the defendants for fraudulent representations concerning the values of inventory on hand, real estate, paid-in-surplus, undivided profits, excess of assets over liabilities, and book value of the corporate stock of L. & H. Hardware, Inc., which representations were alleged to have been made to the plaintiff during negotiations between the parties leading to a contract for the purchase by the plaintiff of the defendants' stock in the corporation.

This is the second appearance of the case before this court. The first appeal was by the defendants from the overruling of their general demurrer to the petition. This court reversed the trial court, holding that the general demurrer should have been sustained. This was for the reason that: "A petition for damages for fraud and deceit which does not affirmatively allege or contain allegations of fact from which it may be inferred that the plaintiff was diligent to protect himself in the transaction does not set forth a cause of action." *Lariscy v. Hill,* 117 Ga. App. 152 (1) (159 SE2d 443).

Before the remittitur was made the judgment of the trial court, the plaintiff amended his petition adding allegations designed to correct the deficiency. The defendant renewed his general demurrer. The trial court sustained the demurrer and dismissed the petition as amended. The appeal is taken from the order of dismissal and the same is enumerated as error. *Held:*

We will not here be deciding whether the petition of the plaintiff, as amended, does or does not now contain all of the *necessary elements to state a cause of action.* On the prior determination of this case this court construed the allegations of the petition against the pleader and determined after so doing, whether all of the elements of a cause of action were present. Such was the test under our old rules of pleading and practice. However, on this appeal, this court must view the petition having regard to *whether it states a claim for which relief may be granted.* This is the test of the new Civil Practice Act (Ga. L. 1966, p. 609, et seq.; *Code Ann.* § 81A-101 et seq.) which this court must apply on review regardless of when the judgment was entered below. *Hill v. Willis,* 224 Ga. 263 (1) (161 SE2d 281); *Dickey v. South Side Atlanta Bank,* 118

Ga. App. 1 (162 SE2d 305); *Bazemore v. Burnet,* 117 Ga. App. 849 (161 SE2d 924). Under this test a petition or complaint is sufficient against a motion to dismiss if it gives a defendant fair notice of the nature and basis of the claim against him and should not be dismissed for failure to state a claim unless it appears beyond doubt that no set of facts could be proved in support of the claim which would authorize the relief sought. *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260); *American Southern Ins. Co. v. Kirkland,* 118 Ga. App. 170 (162 SE2d 862).

The petition as amended sufficiently states a claim for which relief may be granted. It was error to dismiss the amended petition.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED JUNE 3, 1968—DECIDED NOVEMBER 22, 1968.

*L. H. Hilton,* for appellant.
*W. Colbert Hawkins,* for appellees.