25505, 25506. GRIMES et al. v. CLARK et al.;
and vice versa.

196

SUBMITTED NOVEMBER 10, 1969—DECIDED MARCH 5, 1970.

*Byrd, Groover & Buford, Denmark Groover, Jr.,* for appellants.

*Bloch, Hall, Hawkins & Owens, Charles J. Bloch, Wilbur D. Owens, Jr., E. Herman Warnock,* for appellees.

ALMAND, Chief Justice. The main and cross appeals are from a judgment in a quo warranto proceeding which challenged the right of certain named individuals to serve as members of the Board of Education of Wheeler County.

The plaintiffs are citizens, taxpayers and voters of Wheeler County. The six defendants are members of the Wheeler County Board of Education. These members held their office by virtue of an amendment to the Constitution of Georgia which was ratified on November 6, 1956. In substance, the amendment provided that: The Board of Education of Wheeler County would be composed of six members to be elected by the voters of each militia district. The member from each district was to be elected only by the voters of his district.

It was alleged that, in all school board elections conducted since the ratification of the amendment (November 6, 1956), the procedure set out in the amendment has been followed. It was further alleged that: "The six Militia Districts of Wheeler County from which the Members of the Board of Education are elected, contain gross disparities in population and in numbers of registered voters as shown by the following: (a) according to 1960 U. S. Census, the population of Wheeler County was 5,342; (b) the total voter registration of Wheeler County for the 1968

General Election was 3,000; (c) the voter registration by Militia Districts is as follows: #1600—159 voters; #1417—304 voters; #394—369 voters; #1450—286 voters; #1531—630 voters; #393 —1,252 voters; (d) the 1960 United States Census does not contain published information reflecting the population of Militia or School Districts in Wheeler County, but the number of voters listed in each of the Militia (School) Districts listed above has a fair, direct and reasonable relationship to the population of each of said districts and the disparities between the number of registered voters in such districts reflects with reasonable accuracy the disparities which exist between the number of persons residing in each of such districts."

It was also alleged that this discrepancy in the population of the militia districts from which the members of the board were elected denies to the plaintiffs and others similarly situated the right of a fair and equal vote; and that this denial violates the Equal Protection Clause of the United States Constitution.

It was further alleged: "The Wheeler County Board of Education has primary responsibility for the supervision, management and control of the public schools in all of Wheeler County, which comprises a single school district, including the power to purchase school sites and equipment (*Code Ann.* § 32-909) and to 'provide for the same by a tax on all property located in the county' (*Code Ann.* § 32-909) to establish high or junior high schools (*Code Ann.* § 32-933), to reorganize the schools within the county and to fix the number of grades to be taught at each school (*Code Ann.* § 32-954), to hear and determine all local controversies in reference to the school law (*Code Ann.* § 32-910) and (with the Superintendent of Schools) to 'make rules to govern the county schools' (*Code Ann.* § 32-912), to suspend the county superintendent of schools and teachers for cause (*Code Ann.* § 32-912), to consolidate schools in the county ('*Code Ann.* § 32-915), to borrow money for the operation of the county schools (*Code Ann.* § 32-912), to condemn property for school purposes (*Code Ann.* § 32-951) and to require the county commissioners to levy taxes for the support of county schools. Georgia Const. Art. VIII, Sec. XII, Par. I (*Code Ann.* § 2-7501),

*Code* § 32-1127." In their response, the defendants admitted the allegations in this paragraph.

It was also alleged that the present members of the board of education are disqualified to hold office, being merely de facto officers, and that they should be ousted from office.

Among the several prayers were: "(c) That the defendants and each of them be declared to be illegally elected and ousted from office."

A rule nisi was issued on this complaint. In their answer and response to the rule, the defendants asserted that: (a) the complaint failed to state a claim upon which relief could be granted; (b) that the six militia districts of Wheeler County were not arbitrarily or invidiously apportioned so as to deny plaintiffs any of their rights as citizens or voters and; (c) that the Ordinary of Wheeler County has original and exclusive jurisdiction over establishing and changing militia districts. They further alleged that any alleged malapportionment was the result of the plaintiffs' failure to exercise their legal right to request the Ordinary of Wheeler County to change the militia districts as provided in *Code Ch.* 23-2.

A pre-trial order was entered pursuant to a stipulation of the parties defining the issues to be passed upon by the court. One of these issues was stated as follow: "Is the county board an illegal board?"

The trial judge, after a hearing, in a well-considered opinion held that (a) the defendant board of education exercised legislative as well as judicial and administrative functions; and (b) that the population disparity between the six militia districts is so disproportionate as to be classified as arbitrary and invidious; and that it violates the principles set out in Reynolds v. Sims, 377 U. S. 533 (84 SC 1362, 12 LE2d 506); Avery v. Midland County, 390 U. S. 474 (88 SC 1114, 20 LE2d 45); (c) That the board is illegally constituted.

In refusing to order the immediate ouster of the members of the board, the court ruled: "This court holds that the proper method of obtaining a legal board lies not in some legislative dictate of the court but in the exercise of legislative prerogatives consisting of a basic change in the State constitutional

provision as it relates to Wheeler County or of realigning these militia districts into constitutionally proportionate districts. The former solution would require legislative initiation and a referendum. The latter solution would be of local origin and would fall under the provision of Ga. Code Sec. 23-201 et seq. or of Ga. Laws, 1924, page 378, there being some question as to whether redistricting of militia districts in Wheeler County should be accomplished under general law by the ordinary or under the special act creating the county by the county commissioner. Selecting the propert solution and implementing it will require a great deal of time.

"But whatever the time requirements, this court prefers that course to an assumption of powers by the court not judicial in nature. In the interim a solution must be found in the exercise of an equitable discretion which will balance the contending rights involved without disruption of the school program of the county.

"This can be accomplished by allowing the present school board members to serve out their respective terms, but by requiring their successors to be elected in the county at large, a modification of the present constitutional provision made temporarily to bring the process of the election of board members within minimum standards of the one-man-one-vote concept. See Dusch v. Davis, 387 U. S. 112 [87 SC 1554, 18 LE2d 656]. Other than at large voting, the present arrangement, including the requirement of different militia districts residence by the various members can be retained. This court can possibly assist in this or other proceedings, such as mandamus, to see that plaintiffs' rights to an undiluted vote are assured and jurisdiction is reserved for this purpose."

The plaintiffs filed their notice of appeal to that part of the judgment which permitted the defendants to retain their respective offices until the expiration of their terms, and which allowed such board members as may be elected under the interim arrangement provided for to serve out their terms as well.

The defendants filed notice of their cross appeal from the judgment. Error is enumerated on (a) the ruling that the County Board of Education of Wheeler County is a unit of

government within the meaning of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and that said clause and amendment apply to elections of its members; and (b) the ruling that the defendants are illegally holding office as members of the Wheeler County Board of Education.

■ The appellees move to dismiss the main appeal on the ground that the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18), as amended, does not permit or authorize an appeal from part of a judgment.

This motion is denied. The 1965 Act was amended in 1968 (Ga. L. 1968, p. 1072) to provide for review when "the trial judge in rendering an order, decision or judgment not otherwise subject to direct appeal certifies . . . that such order, decision or judgment is of such importance to the case that immediate review should be had." The trial judge in his order certified that his order was subject to direct appeal.

■ One of the enumerations of error in the cross appeal is that the court erred in holding that the appellants in the main appeal were in a position to question the right of the appellees to hold office as members of the board of education. They assert that appellants have an adequate remedy at law available to them in *Code Ch.* 23-2. This remedy consists in seeking a change in the arrangement of the militia districts. The trial judge, in ruling that the appellants are in a position to maintain an action involving both legal and equitable relief did not err. The action involves both legal and equitable relief. The petitioners, as taxpayers and citizens of the county, have the right to question the right of the defendants to hold office. *McCullers v. Williamson*, 221 Ga. 358 (1) (144 SE2d 911).

■ As we view the case, the decisive and controlling question is: does the one-man-one-vote rule, as promulgated in the decisions of the United State Supreme Court (Baker v. Carr, 369 U. S. 186 (82 SC 691, 7 LE2d 663)) apply to the facts in this case?

Thus, we first consider the cross appeal.

The trial court, in the main, based its judgment on the Avery v. Midland County case, supra. That case involved the election

of members of the county commissioner's court. There, the court consisted of five members, one elected from the county at large, and the others chosen on the basis of one from each of the four districts. The commissioner's court exercised broad governmental functions which included the setting of tax rates, equalization of assessments, issuance of bonds, allocation of funds, and a wide discretion over expenditures. In holding that the "one-man-one-vote" rule was applicable, Mr. Justice White, speaking for the majority, said, "Our decision today is only that the Constitution imposes one ground rule for the development of arrangements of local government: a requirement that units with general governmental powers over an entire geographical area not be apportioned among single-member districts of substantially unequal population."

At the time this case was submitted for decision to this court there was pending before the Supreme Court of the United States the case of Hadley v. Junior College District, which case was an appeal from the Supreme Court of Missouri (432 SW2d 328 [1968]).

That case involved the election of Trustees for the Junior College District of Metropolitan Kansas City. One trustee was elected from each school district. The complainants contended that these school districts were numerically malapportioned, and that this amounted to invidious discrimination in violation of their rights as voters under the equal protection of the Fourteenth Amendment to the Constitution of the United States. The powers, duties and functions of the district trustees in the Missouri case were similar in all material aspects to the powers, duties and functions of the county boards of education in Georgia. *Code Ann. Ch.* 32-9.

The Supreme Court of Missouri held that the "one-man-one-vote" rule announced in Baker v. Carr, supra, Avery v. Midland County, supra, and other similar cases did not apply, and denied relief.

Since a decision in the Missouri case by the United States Supreme Court would be a binding precedent, we have delayed our decision in the instant case.

On February 25, 1970, the United States Supreme Court re-

versed the judgment in the Missouri case, holding that the one-man-one-vote rule did apply. That decision controls here. The trial court did not err in holding that the members of the Wheeler County Board of Education were illegally elected.

■ In the main appeal, the sole error enumerated is that the court, after holding that the county board of education was illegally constituted, erred in allowing the members to serve out their respective terms.

The court held in its order. "To insure continuity of school programs and authority of school officials in the face of the imminent fall opening of school for this year, however, it is essential that interim operation be now provided. The proposed program will ensure plaintiffs' one-man-one-vote principle at a pace as rapid as such right has been asserted up to this point.

"Thus, the present board is constituted a de facto board until removed or ejected by the further order of this court, and such board members as may be elected under the interim arrangement herein provided for shall likewise serve as de facto board members until removed or rejected. The acts of the county board as thus constituted now and from time to time thereafter shall be as valid and binding in all respects as would be the acts of a de jure board."

We have not found in any of the United States Supreme Court decisions which held that a legislative body was illegally constituted for the reasons set out herein, an order that the members of such illegally constituted legislative body be ousted from office. The order for re-apportionment looks to future compliance and not to the immediate disruption of the business of the legislative body. The court did not err in refusing to order the immediate ouster of the members of the board.

*Judgment affirmed on the main appeal and on the cross appeal. All the Justices concur.*