26852. RICHTER et al. v. D. & M. ASSOCIATES, INC. et al.

600

Submitted December 13, 1971—Decided February 11, 1972.

*D. D. Veal,* for appellants.

*Martin L. Fierman, Eugene P. Baldwin,* for appellees.

GRICE, Justice. This controversy involves efforts to prevent construction in a residential subdivision in a zoned area.

Litigation began when J. C. Richter and others, individually and as a class, filed their complaint in the Superior Court of Morgan County, against D. & M. Associates, Inc., the Chairman and members of the Board of Commissioners of that county, and the Chairman and members of the county planning commission. The plaintiffs alleged themselves to be citizens, voters, taxpayers and property owners of Morgan County.

The complaint made in substance the allegations which follow:

The Board of Commissioners of that county, after having defeated on September 1, 1970, an amendment to the present zoning ordinance, purportedly on April 6, 1971, adopted an amendment thereto without the required public notice, for the exclusive benefit of D. & M. Associates, Inc., to en-

able it to create a residential subdivision in an area previously zoned as rural. Construction will begin without the approval of State and county authorities, will for various reasons result in depreciation of property and a burden to the taxpayers and adjacent landowners of the county, and in irreparable damage and nuisance in stated particulars, and will create a situation fraught with dangers to health, property and society.

The complaint further alleged substantially that the amendment to the zoning ordinance was unreasonable and that it was enacted for the exclusive benefit of the defendant D. & M. Associates, Inc. and was therefore unreasonable and an abuse of discretion.

The complaint also alleged that the Board of Commissioners and the Planning Commission appointed by them were illegally constituted, and that because of the great disparity in voters in each election district the plaintiffs and other voters are deprived of the equal one man, one vote right under the Federal Constitution; that as a result the acts and powers now being exercised by the Board are unconstitutional, illegal and void; and that the zoning ordinance and amendment involved are likewise unconstitutional and invalid, being the product of this unconstitutionally malapportioned Board of Commissioners.

The prayers were: (1) that the Board of Commissioners be declared unconstitutionally elected and invalidly exercising the duties and powers of their offices; (2) that such offices be declared vacant and an election ordered to fill the vacancies on a one man, one vote basis; (3) that the Morgan County planning ordinance and the purported amendment thereto be declared unconstitutional; (4) that the Board of Commissioners be enjoined from enacting further zoning ordinances until their status is adjudicated and until their successors are constitutionally elected and qualified; (5) that D. & M. Associates, Inc. be temporarily and permanently enjoined from proceeding with its plans; (6) that the court decree the rights of the plaintiffs and

make such judgments as are necessary to preserve their rights; and (7) for general relief.

D. & M. Associates, Inc. and the county defendants filed separate answers denying the essential allegations of this complaint.

Upon the interlocutory hearing certain stipulations were made by the parties and admissions in the defendants' answers were considered but no oral or documentary evidence was submitted.

A motion to dismiss was made by D. & M. Associates, Inc. Thereupon, the court made the following rulings.

1. It dismissed the entire complaint against D. & M. Associates, Inc. "for want of the plaintiffs having alleged any special grievance, damage or injury as would give them proper standing to bring this action"; and it extended the ruling to apply to the challenge to the constitutionality of the amended zoning ordinance.

2. It found that sufficient notice was published to authorize the enactment of the proposed zoning amendment.

3. It determined that the present members of the Board of Commissioners of Morgan County are a lawful de facto body and shall be allowed to stand and function as such until their successors are elected; and that the zoning ordinance and amendment thereto shall also stand.

4. It also ruled that the present membership of the Morgan County Planning Commission, appointed by the Board of Commissioners, was allowed to serve as de facto members until their successors are appointed.

5. It took judicial notice of Georgia Laws, 1971, p. 2638, entitled "An Act to amend an Act creating a Board of Commissioners in and for the County of Morgan . . . so as to change the method of nominating and electing candidates for the office of Commissioner . . . and for other purposes." It further ruled that the present Commissioners were allowed to serve out their terms until their successors are elected in the manner prescribed by the 1971 Act, supra.

6. It refused to grant any injunctive relief.

This judgment incorporating the foregoing features was certified for immediate review.

Subsequently the plaintiffs filed a motion to amend this judgment so as to show certain findings of fact which had been stipulated or admitted and also to provide that the trial court make no decision on the merits of the case except as to such facts. This motion was denied.

Enumerated as error in the appeal are the following:

1. The trial court's refusal to grant the motion to amend the judgment as stated above;

2. Its holding that publication of notice of the hearing on the zoning amendment on specified dates was sufficient to authorize its enactment on April 6, 1971, after the amendment was defeated by the Board of Commissioners on September 1, 1970;

3. Allowing the members of the Board of Commissioners and the Planning Commission to continue to function insofar as zoning procedures and authority are concerned.

4. Dismissing the complaint as to D. & M. Associates, Inc. and extending this ruling to apply to the challenge to the validity and constitutionality of the zoning ordinance complained of which, in effect, dismissed the complaint for failure to state a claim upon which relief can be granted;

5. Denying the plaintiffs' prayer for injunction against further zoning or other ordinances until the successors of the Board of Commissioners are elected; and

6. Refusing to grant the injunctive relief prayed for against the defendant D. & M. Associates, Inc. to prohibit creation of the proposed subdivision.

As we view these enumerations, they pose only two basic questions: (1) whether the trial court erred in dismissing the complaint as to D. & M. Associates, Inc. and in extending this ruling to apply to the county defendants, which in effect dismissed the plaintiffs' complaint for failure to state a claim upon which relief can be granted; and (2) whether it erred in refusing to grant the injunctive relief prayed for.

■ Under the Civil Practice Act a complaint need only set

out a short and plain statement of the claim that the pleader is entitled to relief and a demand for such relief. *Code Ann.* § 81A-108 (a).

Unless it appears to a certainty that the plaintiff would be entitled to *no* relief under any state of facts which could be proved in support of his claim, the complaint should not be dismissed. In this connection this court has held that "If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." *Bourn v. Herring*, 225 Ga. 67 (3) (166 SE2d 89).

Complaints do not have to allege facts sufficient to set forth a cause of action and are no longer to be construed most strongly against the pleader. *Residential Developments, Inc. v. Mann*, 225 Ga. 393, 397 (169 SE2d 305). "[B]ut they should be construed in the light most favorable to the pleader with all doubts resolved in the pleader's favor even though unfavorable constructions are possible." *DeKalb County v. Georgia Paperstock Co.*, 226 Ga. 369 (1) (174 SE2d 884).

There are several features of this complaint that render it immune to dismissal.

Here the plaintiffs were residents, citizens, voters, taxpayers and property owners of Morgan County. The suit was brought in their own behalf as well as that of all others similarly situated. While their pleadings did not allege any special damages or injury not common to other property owners similarly situated, they did not negative that feature; and the plaintiffs may submit such evidence upon the trial. We cannot determine at this stage that they lack standing to bring the action.

The plaintiffs alleged that the amendment to the zoning ordinance relied upon was enacted without the required notice being given. Upon the trial it is possible that facts will be presented to substantiate this charge against the county defendants.

They also alleged that if the proposed development was continued as planned it would result in a burden upon

Morgan County and its taxpayers, in a residential concentration outside any municipality without adequate policing, garbage collection or other services necessary to maintain proper health and safety standards; and that it would constitute a nuisance and detriment to adjacent property owners and depreciate the value and desirability of their lands. The plaintiffs are entitled to the opportunity to prove these allegations against D. & M. Associates, Inc.

Furthermore, they alleged that the amendment to the zoning ordinance was discriminatory, unreasonable and an abuse of discretion. They must likewise be afforded the occasion to show this, if they can.

For the foregoing reasons, it cannot be said that it appears to a certainty that the plaintiffs can prove no set of facts in support of their claim.

It therefore follows that the trial court erred in dismissing the complaint as to the defendant D. & M. Associates, Inc. and in extending its ruling to apply to the county defendants.

■ The trial court did not abuse its discretion in denying the injunctive relief prayed for against the county defendants.

(a) In consideration of this it found that the notice given for the amendment to the zoning ordinance was sufficient.

From what appears, the ground for the attack was that after the Board of Commissioners had defeated the proposal to amend the ordinance, it with no further notice reversed its previous action and enacted such amendment. Yet no requirements for notice were shown. In this situation it cannot be said that the notice procedure requirements were not fulfilled. Therefore no cause for reversal as to this feature appears.

(b) The appellants also urge that the trial court erred in not granting injunctive relief against D. & M. Associates, Inc.

Although the complaint alleged that damage would result to Morgan County taxpayers, riparian landowners, the City of Eatonton and adjacent property owners if the proposed

subdivision was allowed to continue as planned, the defendant D. & M. Associates, Inc. denied all such allegations.

Furthermore, no testimony was introduced upon the hearing.

The rule is that "The grant or refusal of an interlocutory injunction rests in the sound legal discretion of the trial judge, according to the circumstances of each case (*Code* § 55-108). . ." *Sirota v. Kay Homes, Inc.*, 208 Ga. 113 (1) (65 SE2d 597). No abuse of discretion appears here.

(c) Two other enumerations relate to the denial of the injunctive relief prayed for against the county defendants.

It was not error to allow the members of the Board of Commissioners and the Planning Commission to continue to function in office until a properly apportioned and representative board is elected under the 1971 Act.

The decision of *Grimes v. Clark*, 226 Ga. 195 (4) (173 SE2d 686) controls adversely to the appellants as to this issue.

The sole error enumerated in the main appeal in that case was that the trial court, after ruling that a county board of education was illegally constituted because elected by malapportioned districts, erred in allowing the members to serve out their respective terms. However, this court held that "Orders for re-apportionment in cases of this nature have traditionally looked to future compliance, and have not required the immediate disruption of the legislative body, even though illegally constituted."

It follows that it was not error here for the trial judge to refuse to enjoin the county defendants from enacting further zoning ordinances until their successors are constitutionally elected as provided for in the elections to be held in 1972 and 1974.

■ The enumeration complaining of the trial judge's refusal to amend the judgment to show certain findings of fact will not be passed upon since that question is now moot. The transcript of proceedings of the hearing is on file in this court. This provides the full facts before the trial court, and therefore the basis for its rulings.

The trial court erred in dismissing the complaint, but correctly determined the other issues.

*Judgment reversed in part; affirmed in part. All the Justices concur.*