### 31541. BEDGOOD et al. v. EMPLOYEES RETIREMENT SYSTEM OF GEORGIA et al.

INGRAM, Justice.

This appeal is from the dismissal in Clarke Superior Court of appellant's amended complaint seeking cancellation of a foreclosure deed executed under the power of sale contained in a security deed from appellants to

Employees Retirement System. The security deed, supplemented by an additional loan agreement, secured the repayment of loans in the principal amount of $424,525.96. The property was sold at a foreclosure sale to the highest bidder for $422,000. Appellants' complaint for relief failed to tender the amount of the debt due or to allege that nothing was due under the loan instruments. This deficiency in their stated claim made the complaint subject to dismissal. *Wood v. Piedmont Federal S. & L. Assn.,* 224 Ga. 422 (162 SE2d 319) (1968); and, *Glover v. Andros,* 228 Ga. 183 (184 SE2d 463) (1971).

*Judgment affirmed. All the Justices concur, except Hill, J., who is disqualified, and Gunter and Hall, JJ., who dissent.*

SUBMITTED SEPTEMBER 17, 1976 — DECIDED
OCTOBER 20, 1976.

*Stanley H. Nylen,* for appellants.

*Arthur K. Bolton, Attorney General, David A. Tripp, Virley J. Spivey, Assistant Attorneys General, Turnage & Leavell, Kirby L. Turnage, Jr.,* for appellees.

HALL, Justice, dissenting.

In my opinion, this judgement should be reversed and the two decisions (*Wood* and *Glover*) relied upon as precedent in the majority opinion should be overruled. Both *Wood* and *Glover* applied the old demurrer rules of pleading which required the pleader to set forth all the elements of the cause of action or else be dismissed. They are in conflict with the CPA and the following decisions of this court relating to a motion to dismiss a complaint for failing to set forth a claim for relief. *Rhyne v. Garfield,* 236 Ga. 694 (225 SE2d 43) (1976); *Dillingham v. Doctors Clinic,* 236 Ga. 302 (223 SE2d 625)(1976); *Durbin v. Woods,* 235 Ga. 120 (218 SE2d 865) (1975); *Ammons v. Bolick,* 233 Ga. 324 (210 SE2d 796) (1974); *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974); *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601 (203 SE2d 173 (1974); *Grant v. Fourth Nat. Bank of Columbus,* 229 Ga. 855 (194 SE2d 913)(1972); *Dean v. Dean,* 229 Ga

612 (193 SE2d 838) (1972); *Richter v. D. & M. Assoc.,* 228 Ga. 599 (187 SE2d 253) (1972); *Harrison v. Sarah Coventry,* 228 Ga. 169 (184 SE2d 448) (1971); *Stevens v. Stevens,* 227 Ga. 410 (181 SE2d 34) (1971); *Burson v. Faith,* 227 Ga. 526 (181 SE2d 827) (1971); *Frazier v. Rainey,* 227 Ga. 350 (180 SE2d 725) (1971); *Bourn v. Herring,* 225 Ga. 67 (166 SE2d 89) (1969); *Martin v. Approved Bancredit Corp.,* 224 Ga. 550 (163 SE2d 885) (1968).

If the plaintiff has failed to tender the amount of the debt due, the defendant should have moved for a summary judgment and attached an affidavit stating this fact.

"In *City of Atlanta v. First Presbyterian Church,* 86 Ga. 730, 733 (13 SE2d 252, 12 LRA 852) Chief Justice Bleckley wrote 'Courts, like individuals, but with more caution and deliberation, must sometimes reconsider what has been already carefully considered, and rectify their own mistakes.' And again in another case the same Chief Justice said, 'Some courts live by correcting the errors of others and adhering to their own . . . At the peril of their lives they must discover error abroad and be discreetly blind to its commission at home.' *Ellison v. Georgia R. Co.,* 87 Ga. 691, 695-696 (13 SE 809). These admonitions are but another way of saying honestly that appellate courts are courts for the correction of errors including their own." *Aultman v. Spellmeyer,* 111 Ga. App. 769, 773 (143 SE2d 403)(1965).

*Wood* and *Glover* are plainly errors of this court which we should correct, not perpetuate.