## 33646. FRAZIER v. WILLIAMSON et al.

NICHOLS, Chief Justice.

Appeal is taken from the sustaining of a motion to dismiss.

Frazier bought real estate giving in return a note and deed to secure debt. The deed to secure debt required Frazier to keep the property insured and to pay the taxes due on it. The deed contained a clause stating that "waiver of a breach of any of the terms and conditions of this contract in one or more instances shall not operate as a waiver to any subsequent breach in any particular." Williamson took sheriff's and marshal's deeds to the property after seven years nonpayment of taxes by Frazier, and then Williamson took an assignment of the outstanding security deed. Williamson wrote Frazier notifying her of his actions and demanding payment of the taxes he had paid and those then due. Having received no response, he proceeded to exercise the power in the deed to secure debt after giving Frazier the required notice. Frazier thereafter filed the present action seeking to set the foreclosure aside and to enjoin dispossessory proceedings but making no tender of the sums due. Her complaint, as amended, was dismissed by a judgment sustaining Williamson's motion to dismiss.

1. Frazier's arguments regarding waiver are without substance because of the nonwaiver clause set forth above.

2. Frazier's contention that the proceedings were unconstitutional because of the alleged inadequacy of the notice required by the security deed will not be considered since they were not passed on by the trial court.

3. Frazier failed to tender the amount due. Williamson did not need to file a motion for summary judgment supported by an affidavit as to the absence of tender because the absence of tender is established by Frazier's verified complaint, as amended. Accordingly, the trial court did not err in sustaining the motion to dismiss. *Bedgood v. Employees Retirement System of Ga.,* 237 Ga. 786 (229 SE2d 627) (1976).

*Judgment affirmed. All the Justices concur.*

506

Submitted May 26, 1978 — Decided October 25, 1978 —
Rehearing denied November 7, 1978.

*Clarence L. Martin,* for appellant.
*Harry L. Silverman, Julian F. Corish,* for appellees.