S93A1972. CARR et al. v. SOUTHERN COMPANY et al.
(438 SE2d 357)

Sears-Collins, Justice.

The appellants seek to recover sums paid for utility services under rates set by the Public Service Commission (the "PSC") which the appellants allege were based on fraudulent misrepresentations by the appellees. We agree with the trial court's decision that the appellants failed to state a claim upon which relief can be granted.[1]

The General Assembly has given the PSC "exclusive power to determine what are just and reasonable [utility] rates," OCGA § 46-2-23 (a), and "when the commission establishes a rate, such act is legislative in character, and binds all parties concerned in the same manner as if the rate had been fixed by an act of the General Assembly." *Ga. Pub. Svc. Comm. v. Atlanta Gas Light*, 205 Ga. 863, 883 (55 SE2d 618) (1949). A rate-payer has no legal right to a rate other than that established by the commission, or filed by a utility and accepted by the commission. See *Ga. Power Co. v. Allied Chemical Corp.*, 233 Ga. 558, 560-561 (212 SE2d 628) (1975); see also *Montana-Dakota Util. v. Northwestern Pub. Svc.*, 341 U. S. 246, 251 (71 SC 692, 95 LE 912) (1951); *Taffet v. Southern Co.*, 967 F2d 1483, 1490 (11th Cir. 1992). This is so even "where a regulated entity allegedly has defrauded an administrative agency to obtain approval of a filed rate," *Taffet*, 967 F2d at 1494, because "[a] court's damages award [in a case brought on those grounds] would have the effect of retroactively reducing the rate for electric power," id. at 1491, and would thus invade a legislative function. Accordingly, "[t]he rate-setting scheme in . . . Georgia [is] incompatible with a rate-payer's cause of action to recover damages measured by the difference between the filed rate and the rate that would have been charged absent some alleged wrongdoing," id. at 1491, and the trial court correctly dismissed the complaint.

*Judgment affirmed. All the Justices concur. Hunt, P. J., disqualified.*

---

[1] In *Taffet v. Southern Co.*, 967 F2d 1483, 1490 (11th Cir. 1992), the same parties sought the same relief in an action brought on federal RICO grounds. The Eleventh Circuit Court of Appeals also held that the appellants had failed to state a claim upon which relief could be granted.

DECIDED JANUARY 10, 1994 —
RECONSIDERATION DENIED FEBRUARY 3, 1994.

*Freeman & Hawkins, Jack N. Sibley, Keith R. Walton, Warlick,
Tritt & Stebbins, Charles C. Stebbins III, Andrew M. Scherffius III,*
for appellants.
*Troutman Sanders, Kevin C. Greene, A. William Loeffler, James
E. Joiner, Ralph H. Greil, King & Spalding, Michael C. Russ, M.
Robert Thornton, Dan H. Willoughby, Jr., Sean R. Smith,* for appellees.