## A99A2089. LANGE et al. v. STANDARD TELEPHONE COMPANY et al.
### (533 SE2d 162)

BLACKBURN, Presiding Judge.

In this class action suit regarding alleged overcharging for telecommunications services, Deborah A. J. Lange, Lange Machinery, Inc., and Marcia L. Rheinschilds appeal from the trial court's order dismissing their suit against Standard Telephone Company, Sprint Communications, L.P., MCI Telecommunications Corporation, and BellSouth Telecommunications, Inc. For reasons that follow, we affirm the trial court's dismissal.

In their class action, the plaintiffs asserted violations of: (1) OCGA § 46-2-25.1 because the defendants allegedly charged for telephone calls between two telephones within the same county and (2) OCGA § 46-2-25.2 because the defendants allegedly charged for telephone calls between two telephones within sixteen miles of one another. The plaintiffs' complaint alleged that their grounds specifically included "For A First Cause of Action (OCGA §§ 46-2-25.1; 46-2-25.2)" and "For A Second Cause Of Action (OCGA § 46-2-90)."

In its order granting the defendants' motion to dismiss, the trial court concluded:

> that neither statute [OCGA § 46-2-25.1 nor § 46-2-25.2] imposes any duties or obligations on telecommunications providers or prohibits the same from engaging in any act thereby creating a private cause of action for their violations of the same. Instead, said statutes impose duties on and govern the conduct of the Public Service Commission.

In addition, the trial court further found that the plaintiffs failed to set forth a valid cause of action under OCGA § 46-2-90, explaining:

> OCGA § 46-2-90 provides that "any company under the jurisdiction of the [PSC] (which) does, causes to be done, or permits to be done any act which is prohibited, forbidden, or declared to be unlawful, or (which) fails to do any act which is required either by a law of this state or by an order of the [PSC] . . . shall be liable . . . for all loss, damage, or injury caused thereby or resulting therefrom" in an action to recover the same brought in any court of competent jurisdiction. However, . . . [p]laintiffs have failed to cite to any affirmative act undertaken by the [d]efendants which is prohibited, forbidden, or unlawful. In addition, [p]laintiffs have failed to cite any failure of the [d]efendants to do an act required of them by Georgia law or by an order of the PSC.

In this appeal, the plaintiffs erroneously contend that the trial court's reasoning was faulty and that it erred by concluding (1) that OCGA §§ 46-2-25.1 and 46-2-25.2 did not impose any duties or obligations upon telecommunication providers, a violation of which would give rise to a cause of action under OCGA § 46-2-90; and (2) "that there [was] no state of facts that could be proved in support of appellants' claims which would entitle them to relief."

1. OCGA § 46-2-90 provides:

If any company under the jurisdiction of the commission does, causes to be done, or permits to be done any act which is prohibited, forbidden, or declared to be unlawful, or fails to do any act which is required either by a law of this state or by an order of the commission, such company shall be liable to the persons affected thereby for all loss, damage, or injury caused thereby or resulting therefrom. An action to recover for such loss, damage, or injury may be brought in any court of competent jurisdiction by any such person. In case of recovery, if the jury finds that such act or failure to act was willful, it may fix a reasonable attorney's fee, which shall be taxed and collected as part of the costs of the case.

Plaintiffs assert that the defendants' alleged violations of OCGA §§ 46-2-25.1 and 46-2-25.2 bring this case within the ambit of OCGA § 46-2-90. These statutes, however, are directed at the conduct of the PSC, not telecommunications providers.

OCGA § 46-2-25.1 provides:

(a) Except as provided in subsection (b) of this Code section, . . . the commission shall not approve any rate schedule which authorizes a long-distance charge for calls between two telephones within the same county. Where two or more telephone companies operate in the same county, each company shall provide county-wide local calling to and from telephones within the area served by the other company or companies in the county. . . .

(b) All rate schedules approved pursuant to this Code section may be modified at the discretion of the commission upon a good and sufficient showing of geographic, economic, or technological infeasibility by a telephone company.

(c) All rate schedules approved pursuant to this Code section shall take into account [various factors].

(d) The commission shall . . . implement a plan [to expand toll-free calling].

(e) Any plan to implement county-wide local calling

shall be subject to the approval of the commission. . . .

(f) The commission shall be authorized to consider and adopt alternative forms of regulation. . . .

(g) Nothing in this Code section shall be interpreted as amending, modifying, or repealing Code Section 46-2-23, relating to the rate-making power of the commission generally and special provisions concerning telecommunications companies.

Because this statute is clearly directed at the conduct of the PSC, plaintiffs cannot rely upon it to demonstrate that the telecommunications defendants performed an act that was "prohibited, forbidden, or declared to be unlawful" within the meaning of OCGA § 46-2-90.

2. The language of OCGA § 46-2-25.2 also demonstrates that it is directed at the conduct of the PSC, not telecommunications providers. It states:

(a) It is the goal of this Code section to provide for toll free calling between two telephones where the central offices serving such telephones are within 16 miles of each other.

(b) Except as provided in subsection (e) of this Code section, . . . the [PSC] shall not approve any new rate schedule which authorizes a long-distance charge for calls between two telephones where the central offices serving such telephones are within 16 miles of each other.

(c) Except as provided in subsection (e) of this Code section, . . . rate schedules approved by the [PSC] . . . shall be amended so as to reduce by one-half the long-distance charge for calls between two telephones where the central offices serving such telephones are within 16 miles of each other.

(d) On or before July 1, 1993, the [PSC] shall conduct hearings and accept evidence. . . .

(e) All rate schedules approved pursuant to this Code section may be modified at the discretion of the [PSC] upon a good and sufficient showing of geographic, economic, or technological infeasibility by a telephone company.

(f) All rate schedules approved pursuant to this Code section shall take into account the following. . . .

(g) Any telephone company seeking to recover any portion of its expenses or lost toll revenues resulting from the implementation of the . . . plan contained in this Code section shall demonstrate its financial hardship. . . .

(h) Nothing in this Code section shall be interpreted as amending, modifying, or repealing Code Section 46-2-23,

relating to the rate-making power of the [PSC] generally and special provisions concerning telecommunications companies.

As with OCGA § 46-2-25.1, plaintiffs cannot rely upon this Code section to state a claim under OCGA § 46-2-90.

3. Finally, the plaintiffs contend that the trial court erred by dismissing their case and finding that there was no state of facts which could be proven in support of their class action. However, because the appellants' claims are wholly untenable as a matter of law, the trial court properly ruled.

Generally, a complaint should be dismissed pursuant to OCGA § 9-11-12 (b) (6) for failure to state a claim upon which relief can be granted only when "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his [or her] claim." (Punctuation omitted.) *Vaughan v. Vaughan*, 253 Ga. 76, 77 (317 SE2d 201) (1984). Otherwise, the claim should be allowed to proceed, as all doubts pertaining to a motion to dismiss must be resolved in the nonmovant's favor. *Quetgles v. City of Columbus*, 264 Ga. 708 (450 SE2d 677) (1994).

Here, all of plaintiffs' claims are based on alleged violations of OCGA §§ 46-2-25.1 and 46-2-25.2 by the telecommunications companies. As discussed above, these statutes apply only to the PSC and provide no basis for relief against the various telecommunications companies involved herein. In their first cause of action, plaintiffs argue that defendants violated the mandates of OCGA §§ 46-2-25.1 and 46-2-25.2, contending that these statutes create an independent cause of action. In their second cause of action, plaintiffs attempt to bootstrap their first cause of action under the aegis of OCGA § 46-2-90. Merely stating that they believed the defendants were under the jurisdiction of the PSC, the plaintiffs again argue that "[d]efendants caused or permitted . . . illegal charging for telephone service in violation of OCGA § 46-2-25.1 and OCGA § 46-2-25.2." However, because these statutes are clearly directed at the conduct of the PSC, plaintiffs cannot rely on them to demonstrate that the telecommunications defendants performed an act that was "prohibited, forbidden, or declared to be unlawful" within the meaning of OCGA § 46-2-90.

Moreover, the plaintiffs' complaint never states that the defendants violated any PSC regulation and thereby engaged in "unlawful conduct" of any kind. Furthermore, the plaintiffs' complaint is totally devoid of any allegations of action by the PSC, and, as such, their claims would fall into the PSC's jurisdiction for resolution, as OCGA § 46-2-90 empowers the commission to entertain consumer complaints about public utilities. *Carr v. Southern Co.*, 263 Ga. 771 (438 SE2d 357) (1994).

Therefore, plaintiffs' claims are wholly untenable, as the only source of the telecommunications companies' alleged liability claimed by plaintiffs is a violation of OCGA §§ 46-2-25.1 and 46-2-25.2, which are not applicable to these defendants, and the plaintiffs have failed to assert any "unlawful conduct" required under OCGA § 46-2-90. No state of facts proposed by the plaintiffs can alter the legal insufficiency of their claims against these defendants under OCGA §§ 46-2-25.1, 46-2-25.2 or 46-2-90 as raised in their complaint.

Contrary to the dissent, plaintiffs cannot now attempt to revive the legal sufficiency of the arguments framed in their complaint by raising the mere possibility that the PSC may have issued some order for some reason with which the defendants did not comply. The existence of such order does not appear in the record and is not alleged in the complaint.

> Under the Civil Practice Act a motion to dismiss a complaint for failure to state a claim upon which relief may be granted should not be granted unless averments *in the complaint* disclose with certainty that plaintiffs would not be entitled to relief under any state of facts that could be proven in support of the claim.

(Punctuation omitted; emphasis supplied.) *Ledford v. Meyer*, 249 Ga. 407, 408 (2) (290 SE2d 908) (1982). The averments *in the complaint* all revolve around the defendants' *direct* violation of OCGA §§ 46-2-25.1 and 46-2-25.2, which statutes, without question, apply only to the PSC. No mention is made of the defendants' violation of any order issued by the PSC, thereby making any claim for a violation of OCGA § 46-2-90 equally meritless. As such, no state of facts can breathe life into plaintiffs' claims. Also, the dismissal of this complaint would not preclude the filing of a properly pled complaint stating a lawful claim.

Thus, the allegations framed in the plaintiffs' complaints are insufficient to state a claim upon which relief may be granted as a matter of law, and the trial court appropriately dismissed them.

*Judgment affirmed. Johnson, C. J., Pope, P. J., Andrews, P. J., Eldridge and Phipps, JJ., concur. Barnes, J., concurs as to Divisions 1 and 2 and dissents as to Division 3.*

BARNES, Judge, dissenting.

I concur fully in Divisions 1 and 2 but respectfully dissent to Division 3 because facts could be proven which would establish a valid claim under OCGA § 46-2-90, specifically, violation of a Public Service Commission order by the defendants.

Under the Civil Practice Act a motion to dismiss a complaint

for failure to state a claim upon which relief may be granted should not be granted unless averments in the complaint disclose with certainty that plaintiffs would not be entitled to relief under any state of facts that could be proven in support of the claim.

(Citation and punctuation omitted.) *Ledford v. Meyer*, 249 Ga. 407, 408 (2) (290 SE2d 908) (1982). When undertaking this analysis, we must remember that

the objective of the [Civil Practice Act] is to avoid technicalities and to require only a short and plain statement of the claim that will give the defendant fair notice of what the claim is and a general indication of the type of litigation involved; the discovery process bears the burden of filling in [the] details.

(Citations omitted.) *Dillingham v. Doctors Clinic*, 236 Ga. 302, 303 (223 SE2d 625) (1976). "Complaints do not have to allege facts sufficient to set forth a cause of action and are no longer to be construed most strongly against the pleader." *Richter v. D & M Assoc.*, 228 Ga. 599, 604 (1) (187 SE2d 253) (1972). Finally, it is no longer necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim. *Christner v. Eason*, 146 Ga. App. 139, 140 (245 SE2d 489) (1978); *Hill v. Lariscy*, 118 Ga. App. 699-700 (165 SE2d 315) (1968).

In this case, the trial court granted the defendants' motion to dismiss, in part, because "[p]laintiffs have failed to cite to any failure of the Defendants to do an act required of them by Georgia law or by an order of the PSC." While the plaintiffs' failure to point to a specific PSC order might be fatal in the summary judgment context, it does not warrant a dismissal for failure to state a claim. The plaintiffs in this case clearly asserted a claim under OCGA § 46-2-90 that provided the defendants with "fair notice of what the claim is and a general indication of the type of litigation involved." *Dillingham*, supra. The fact that they may not have alleged an element of a cause of action under OCGA § 46-2-90, violation of a PSC order by the defendants, does not support the majority's conclusion that their complaint failed to state a claim.

DECIDED MARCH 30, 2000 — 

Clinton W. Sitton, Claude M. Sitton, for appellants.
Smith, Gambrell & Russell, Lisa C. Tripp, Edward H. Wasmuth, Jr., Sutherland, Asbill & Brennan, Allegra J. Lawrence, Teresa W.

*Roseborough, J. Henry Walker IV, Steven C. Adams, James R. Thompson,* for appellees.