A11A1206. SCOTT et al. v. SCOTT.
(716 SE2d 809)

SMITH, Presiding Judge.

John and Josephine Scott appeal from the trial court's order dismissing their petition seeking custody of their two minor grand-

daughters. We reverse because the trial court erroneously concluded that the Scotts' petition failed to state a claim.

1. On appeal, we review the trial court's grant of a motion to dismiss de novo. *South Point Retail Partners v. North American Properties*, 304 Ga. App. 419, 420 (696 SE2d 136) (2010).

> A motion to dismiss for failure to state a claim upon which relief can be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Citations and punctuation omitted.) *Stendahl v. Cobb County*, 284 Ga. 525, 525-526 (1) (668 SE2d 723) (2008). In this case, the Scotts' custody petition, filed on February 1, 2010, in Fulton County Superior Court, asserts in relevant part:

. . .

### 3.

On or about March 4, 2008, the father of the minor children, Ralph Clifton Scott, was brutally murdered, found shot in the parties' marital residence by the children's mother, Lona Lee Scott.

### 4.

The Defendant [Lona Lee Scott] is on trial for the murder in DeKalb County beginning Monday, February 1, 2010.

### 5.

Plaintiffs have standing to receive custody under OCGA § 19-7-1 (b.1) and [are] authorized to seek custody by OCGA § 19-9-2.

### 6.

Plaintiffs are fit and proper parties to receive custody.

. . .

8.

Plaintiffs are the only fit and proper parties to this litigation into which custody may be vested at this time and it is necessary for the Court to make an award of custody so that the children can be cared for pending further proceedings before this Court.

In their prayer for relief, the petitioners asked the trial court to "[f]ind the Defendant to be unfit as a parent."

In her answer filed on March 31, 2010, Lona Scott filed a one-sentence motion to dismiss based upon "failure to state a claim" and insufficient service. On May 3, 2010, the Scotts filed a written response to the motion in which they asserted that they filed the custody petition because the mother was "facing her initial trial for the murder of their son. Had Lona Scott been convicted, the children would be without parental care and control."

It is undisputed that the trial resulted in a hung jury. The Scotts argued that the trial court could hear evidence of the mother's unfitness even in the absence of a conviction and asserted there was no dispute that the mother had killed their son. In a later brief, they stated that the mother testified in her criminal trial that one of the children was present in the home when she shot and killed her husband.

The mother responded that the Scotts failed

to make any sworn allegation of unfitness, either under the statute or the case law nor do they describe how the health or welfare of the children is in jeopardy. The only allegation in the complaint is that Lona Scott killed Cliff Scott and if she were tried, convicted, and imprisoned, the girls would be without a parent.

In its order granting the mother's motion to dismiss, the trial court concluded:

[T]o succeed on their claim petitioners must show by clear and convincing evidence that parental custody would harm the child and that the award of custody to the parent is not in the best interest of the child. The harm which must be shown is physical harm or significant, long-term emotional harm. The current petition does not include any allegations that continued parental custody would harm the children at issue, much less any allegations that any such harm would

be sufficiently significant to authorize the requested change in custody. . . . The only reference to the respondent's fitness as a parent is a request in the prayer for relief for the Court to find that the respondent is unfit as a parent. These allegations are not sufficient to support a claim to change custody from a parent to a grandparent. In addition, the length of time that has passed while the respondent's motion to dismiss for failure to state a claim has been pending, together with the fact that the petition has not been amended to address the shortcomings identified in the motion, convince the Court that no provable set of facts exists which would entitle the petitioners to the relief requested.

The trial court erred by concluding the Scotts were required to allege additional facts to survive the mother's motion to dismiss. "Complaints do not have to allege facts sufficient to set forth a cause of action and are no longer to be construed most strongly against the pleader. [Cit.]" *Richter v. D & M Assoc.*, 228 Ga. 599, 604 (1) (187 SE2d 253) (1972). And it is no longer necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim. *Christner v. Eason*, 146 Ga. App. 139, 140 (245 SE2d 489) (1978); *Hill v. Lariscy*, 118 Ga. App. 699, 699-700 (165 SE2d 315) (1968). "If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." (Citations and punctuation omitted.) *Ga. Farm Bureau Mut. Ins. Co. v. Fowler*, 177 Ga. App. 834 (341 SE2d 491) (1986).

In this case, the Scotts' custody petition gave fair notice that they sought custody of the child under OCGA §§ 19-7-1 (b.1) and 19-9-2 based upon the mother's alleged murder of the father. These allegations are sufficient to survive a motion to dismiss. See *In the Interest of J. L. M.*, 204 Ga. App. 46, 47-48 (1) (418 SE2d 415) (1992) (murder of one parent by another can be considered as evidence of parental unfitness).[1]

2. In her brief, the mother asserts we should affirm the trial court's dismissal of the custody petition based upon a right for any reason analysis. See *Santora v. American Combustion*, 225 Ga. App.

---

[1] Without citation to the record, the mother asserts that she was acquitted in her retrial. We cannot consider this evidence on appeal, however, because the trial court expressly stated that it "excluded from its consideration all materials outside of the pleadings. . . ." Additionally, nothing in the record demonstrates that the trial court was aware of the mother's acquittal at the time it ruled on her motion to dismiss. Our review is therefore limited to whether the allegations in the Scotts' petition were sufficient to state a claim for custody.

771, 772 (1) (a) (485 SE2d 34) (1997) ("judgment right for any reason will be affirmed"). She claims that the doctrines of collateral estoppel and res judicata apply to bar the Scotts' petition for custody because a previous court denied their request for visitation. The record shows that she raised these defenses in her answer and attached the previous order denying visitation as an exhibit to her answer. Because the parties briefed these issues and the trial court ruled upon them, we will address them on appeal. See generally *City of Gainesville v. Dodd*, 275 Ga. 834, 838-839 (573 SE2d 369) (2002).

(a) The trial court properly determined that collateral estoppel does not bar the Scotts' petition for custody. "Collateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies." (Citation and punctuation omitted.) *Matherly v. Kinney*, 227 Ga. App. 302, 304 (2) (489 SE2d 89) (1997). "Collateral estoppel . . . also precludes issues that necessarily had to be decided in order for the previous judgment to have been rendered." (Citations and footnote omitted.) *In re T. M. G.*, 275 Ga. 543, 544 (570 SE2d 327) (2002).

With regard to grandparent visitation, OCGA § 19-7-3 (c) provides in relevant part:

> . . . [T]he court may grant any grandparent of the child reasonable visitation rights if the court finds the health or welfare of the child would be harmed unless such visitation is granted, and if the best interests of the child would be served by such visitation. The court shall make specific written findings of fact in support of its rulings. There shall be no presumption in favor of visitation by any grandparent. . . .

The record shows that the Scotts filed a petition for visitation in DeKalb County Superior Court in April 2008. On May 12, 2009, the DeKalb court issued a six-page order in which it concluded that it could not mandate grandparent visitation over the mother's objection unless clear and convincing evidence demonstrated that the children would "experience actual physical, mental, or emotional harm if visitation was denied." (Citation, punctuation and footnote omitted.) See *Rainey v. Lange*, 261 Ga. App. 491, 491-492 (1) (583 SE2d 163) (2003). After reviewing the evidence showing "animosity, whether warranted or not, that exists by the grandparents toward Lona Scott . . . that . . . may be affecting the children," the oldest child's feeling that she was "in the middle between the mother and grandparents," that the grandparents saw the children only on major holidays during the life of the father, and the lack of testimony

about the bond between the grandparents and the children, the DeKalb court denied the petition for visitation. At the time of the visitation ruling, the mother was out on bond after being arrested in connection with her husband's death, but she had not yet been indicted.

The Scotts filed their petition for custody less than two years after filing their visitation petition. Under OCGA § 19-7-1 (b.1), a grandparent may obtain custody from a parent if the trial court "determines that an award of custody to [a grandparent] is for the best interest of the child or children and will best promote their welfare and happiness." In *Clark v. Wade*, 273 Ga. 587 (544 SE2d 99) (2001), the Georgia Supreme Court interpreted this statute

> to mean that the third party must prove by clear and convincing evidence that the child will suffer physical or emotional harm if custody were awarded to the biological parent. Once this showing is made, the third party must then show that an award of custody to him or her will best promote the child's welfare and happiness.

Id. at 599 (V).

Based on the above, it is clear that different issues were actually and necessarily decided in the visitation action. In that action, the issues were harm to the child if visitation was *not* granted and whether visitation would be in the best interest of the children while they lived with their custodial parent, the mother. In the present action, the issues are whether the children will suffer physical or emotional harm if custody remains with their mother, and, only if that showing is made, whether it would be in their best interest for the trial court to award custody to the Scotts. The trial court properly concluded that collateral estoppel did not bar the Scotts' petition for custody.

(b) The mother claims that the trial court could have granted her motion to dismiss based upon the alternative ground of res judicata under the Uniform Child Custody Jurisdiction and Enforcement Act, OCGA § 19-9-40 et seq., which provides:

> A child custody determination made by a court of this state that had jurisdiction under this article binds all persons . . . who have submitted to the jurisdiction of the court, and who have been given an opportunity to be heard. As to those persons, the determination is conclusive as to all decided issues of law and fact except to the extent the determination is modified.

OCGA § 19-9-45. The Act defines "child custody determination" as

"a judgment, decree, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child. . . ." OCGA § 19-9-41 (3).

This statute does not provide, however, that the judgment is conclusive as to all issues which *could have* been put in issue. Compare OCGA § 9-12-40 (res judicata generally). Instead, it is "conclusive as to all decided issues of law and fact." OCGA § 19-9-45. Since the previous visitation order related to the grandparent's right to visitation, not custody, and the legal issues to be decided varied for the reasons stated in Division 2 (a) of this opinion, the trial court properly determined that res judicata did not bar the Scotts' petition for custody.[2]

Because neither the doctrine of collateral estoppel nor that of res judicata bars the Scotts' petition for custody, we cannot affirm the trial court's grant of the mother's motion to dismiss through a right for any reason analysis.

*Judgment reversed. Mikell and Dillard, JJ., concur.*

DECIDED SEPTEMBER 20, 2011.

*James S. Altman*, for appellants.
*Larry A. Ballew*, for appellee.

---

[2] Our opinion in *Tirado v. Shelnutt*, 159 Ga. App. 624 (284 SE2d 641) (1981) (physical precedent only), does not alter this result. In *Tirado*, we held that res judicata prevented the mother from relitigating the issue of the father's molesting the child after that issue had already been determined based upon the same facts by another court in a previous visitation order. This result is consistent with the requirement of OCGA § 19-9-45 that child custody determinations be "conclusive as to all decided issues of law and fact." Id.